# EXHIBIT A

VERIFICATION

STATE OF ARIZONA       )
                       ) ss.
County of Maricopa     )

I, Byron J. Babione, hereby state, under the penalty of perjury, that the following information is true to my knowledge, information, and belief:

1.      I am the attorney for the William Lemon and Ty E. Gray, in the matter of *Mark Hafkey v. William Lemon, et al.*, *Case No. CV2025-037251*, currently pending in the Arizona Superior Court of the State of Arizona, County of Maricopa, before the Honorable Quintin Cushner.

2.      On March 27, 2026, I filed a Notice of Removal under 28 U.S.C. § 1441(b) *et seq.* seeking to remove to the United States District Court for the District of Arizona.

3.      In compliance with 28 U.S.C. § 1441(a) and L.R.Civ. 3.6(b), I certify that the attached documents are true and accurate copies of pleadings and other documents that were filed in the Superior Court of the State of Arizona, Maricopa County, in *Mark Hafkey v. William Lemon, et al.*, *Case No. CV2025-037251*.

4.      Also attached is a true and accurate copy of the court docket in *Mark Hafkey v. William Lemon, et al.*, *Case No. CV2025-037251*.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information and belief.

DATED this <u>27</u> day of March, 2026.

_____
Byron J. Babione

## Case Information

| Case Number | Filing Date | Case Title | Case Category | Case Type Code | Case Status | Court | Judicial Officer Name |
|---|---|---|---|---|---|---|---|
| CV2025037251 | 10/11/2025 | Hafkey Vs. Lemon, Et.Al. | Civil | 110 - Tort Non | 22 - Not Subject to ARB - 22 | Maricopa County Superior | |

## Party Information

| First Name | Middle Name | Last Name | Date of Birth | Role | City | State | Vehicle Registration Hold |
|---|---|---|---|---|---|---|---|
| Byron | J | Babione | | Attorney | | | N |
| Sean | | Woods | | Attorney | | | N |
| Mark | | Hafkey | | Plaintiff | | | N |
| William | | Lemon | | Defendant | | | N |
| Ty | E | Gray | | Defendant | | | N |

## Charge Information

| Charge Code | Charge Description | Charge Class | Disposition | Disposition Date |
|---|---|---|---|---|
| | | No data available | | |

## Event Information

| Docket Description | Date | Preview Document | Add To Cart | Remove From Cart |
|---|---|---|---|---|
| COM - Complaint | 10/11/2025 | | Add to Cart | Remove Item |
| CCN - Cert Arbitration - Not Subject | 10/11/2025 | | Add to Cart | Remove Item |
| SUM - Summons | 10/11/2025 | | Add to Cart | Remove Item |
| SUM - Summons | 10/11/2025 | | Add to Cart | Remove Item |
| 322 - ME: Notice Of Intent To Dismiss | 12/17/2025 | | Add to Cart | Remove Item |
| AFS - Affidavit Of Service | 01/21/2026 | | Add to Cart | Remove Item |
| STP - Stipulation | 01/28/2026 | | Add to Cart | Remove Item |
| ORD - Order | 02/02/2026 | | Add to Cart | Remove Item |
| MXS - Motion To Extend Time For Service | 02/04/2026 | | Add to Cart | Remove Item |
| ACS - Acceptance Of Service | 03/02/2026 | | Add to Cart | Remove Item |
| MOT - Motion | 03/02/2026 | | Add to Cart | Remove Item |
| ORD - Order | 03/04/2026 | | Add to Cart | Remove Item |
| 019 - ME: Ruling | 03/05/2026 | | Add to Cart | Remove Item |

Docusign Envelope ID: 0DB9BB42-7370-4B7E-995E-2049A0A50C5A

Clerk of the Superior Court
*** Electronically Filed ***
A. Winkles, Deputy
10/11/2025 5:14:20 PM
Filing ID 20742420

Sean A. Woods (Arizona Bar #028930)
Robert T. Mills (Arizona Bar #018853)
**MILLS + WOODS LAW, PLLC**
5055 North 12th Street, Suite 101
Phoenix, Arizona 85014
Telephone 480.999.4556
docket@millsandwoods.com
swoods@millsandwoods.com
*Attorneys for Plaintiff*

# IN THE SUPERIOR COURT OF THE STATE OF ARIZONA

# IN AND FOR THE COUNTY OF MARICOPA

| | |
|---|---|
| Mark Hafkey, an individual;<br><br>    Plaintiff,<br><br>vs.<br><br>William Lemon, an individual; Ty E. Gray, an individual,<br><br>    Defendants. | **CASE NO:**  CV2025-037251<br><br>**VERIFIED  COMPLAINT**<br><br>(JURY TRIAL DEMANDED) |

Plaintiff Mark Hafkey ("Mark"), by and through his attorneys, Mills + Woods Law PLLC, for his Complaint against Defendants William Lemon and Ty E. Gray (collectively "Defendants") alleges and states as follows:

## THE PARTIES

1. Plaintiff Mark Hafkey ("Mark") is an adult individual who at all times relevant to this complaint was in Arizona.

2. Mark is a retired police Lieutenant who was employed by the City of Phoenix Police Department.

3. Defendant William Lemon ("Lemon") is a former Arizona Game and Fish Department ("AZGFD") Officer who was employed by and serving as an agent of, the Arizona Game and Fish Department and the State of Arizona. At all relevant times he was operating in his official and individual capacity in Coconino County, Arizona and Maricopa County, Arizona.

4. Defendant Ty E. Gray was the former Director of the AZGFD who was employed by and serving as an agent of the Arizona Game and Fish Department and the State of Arizona. At all relevant times he was operating in his official and individual capacity in all Counties in Arizona – including Coconino County, Arizona and Maricopa County, Arizona.

5. For purposes of Plaintiffs' claims arising under Federal law, including without limitation the United States Constitution and 42 U.S.C. §1983 *et seq.*, and as may be relevant to Plaintiff's state law claims, at all relevant times described herein, Defendants were acting under color of state law.

## JURISDICTION AND VENUE

6. Pursuant to 42 U.S.C. §1983 *et seq.*, Plaintiffs bring this action for violations of the United States Constitution, including without limitation the Fourth, Eighth, and Fourteenth Amendments, and Arizona common and statutory laws.

7. The amount in controversy exceeds the minimal jurisdictional limits of this Court.

8. Pursuant to Article 6, Section 14 of the Arizona Constitution, this court has original subject matter jurisdiction in this Complaint because the claims relate to causes of action, the underlying acts and/or omissions for which, at all times relevant, have caused the events alleged herein to occur with primary effect in Maricopa County, Arizona.

9. Venue is proper in that the specific acts giving rise to the causes of action alleged herein occurred with primary effect in Coconino and Maricopa County, Arizona.

MILLS + WOODS LAW, PLLC
5055 North 12th Street, Ste 101
Phoenix, AZ 85014
Telephone: 480.999.4556

2

MILLS + WOODS LAW, PLLC
5055 North 12th Street, Ste 101
Phoenix, AZ 85014
Telephone: 480.999.4556

## FACTUAL ALLEGATIONS

10. On December 7, 2021, while Mark was hunting elk on foot in hunt area 7E and within one mile of Road 9511H in Coconino County, Arizona, Mark located and shot a cow elk bedded down under a tree.

11. Sometime later, two other hunters approached.

12. One of those hunters claimed she had wounded the same elk in the leg over a half hour earlier but had run out of ammunition and was waiting for her spouse to bring her more bullets.

13. She claimed that she was waiting for the ammunition when Plaintiff "emerged from this wooded area" and dispatched the elk.

14. She later demanded that Plaintiff turn the elk over to her.

15. Mark observed that the elk had been shot in the leg and, therefore, offered to split the elk with her, but she refused.

16. The female hunter asked Mark if he had been the one hunting in a white Jeep over the last few days, and Mark acknowledged that he had.

17. AZ Fish and Game Officer William Lemon ("Lemon") was contacted via phone to settle the dispute over ownership of the elk.

18. Based upon the circumstances, Mark was given possession of the elk.

19. This enraged the female hunter and she stomped off cursing.

20. According to Lemon's court testimony, she re-contacted Officer Lemon around "15-minutes" later and claimed that the Plaintiff's vehicle had been driving off road, so he responded from Flagstaff.

21. Under Arizona law, hunters – like Mark – are authorized to travel off road to recover downed elk and other big game.

3

Mills + Woods Law, PLLC
5055 North 12th Street, Ste 101
Phoenix, AZ 85014
Telephone: 480.999.4556

22. After the angry hunter(s) left the kill site, Mark, fearing further confrontation from the angry hunter(s) and wanting to get under cover from the rain, drug the elk out of site and began processing the animal.

23. Approximately 2 1/2 hours after the initial call, Officer Lemon confronted Mark in the area, drew his weapon and yelled for him to put up his hands up and exit his vehicle.

24. Mark complied with all commands.

25. Officer Lemon then asked Mark a single question regarding how he had gotten into the area in which the elk had been dispatched.

26. Mark described how he had gotten into the area at which time Officer Lemon immediately took him into custody, searched and Mirandized him.

27. Mark, unsure of what he was being accused of, invoked his 5th Amendment rights to silence and requested his attorney by name – Dale Anderson.

28. Officer Lemon appeared incensed by the invocation and became more hostile toward Mark.

29. Officer Lemon then demanded Mark's identification and checked his hunting credentials.

30. Mark assumed at the time and would later testify that the officer's sudden appearance likely had something to do with the angry hunter.

31. Officer Lemon completely ignored Mark's 5th Amendment rights and continued interrogating him for approximately two hours regarding myriad topics relating to the hunt including questions regarding his hunting credentials, the earlier telephone conversation, his hunting weapon, his vehicle registration, his decision to move and relocate the elk, where he first saw the herd, his driver's license information, his prior employment with a police agency, his rank and position with that agency, his current

profession, his reason to retire from a police agency to become a flight attendant, his residences in California, Arizona and Mexico, his lifetime hunting license, his hunt tag information, his prior hunts in Arizona and California, where he files taxes, where he votes, etc.

32. Mark's statement that he was an ex-police officer seemed to anger Officer Lemon even more.

33. During interrogation, Officer Lemon blamed Mark for having to be called out to cover another game warden's area.

34. Mark continued to answer some of Officer Lemon's questions in an attempt to pacify him and diffuse the situation.

35. During this timeframe, Officer Lemon repeatedly and angrily ordered Mark to stand in different areas around his vehicle, yelled at Mark to "get back" numerous times when Mark stepped in closer to hear Officer Lemon's questions over the wind and rain, and ordered Mark up against his vehicle multiple times.

36. Mark's hearing is slightly impaired due to years of teaching and shooting firearms at the Phoenix Police Academy.

37. Officer Lemon controlled Mark's movements, searched Mark's vehicle, refused to explain what exactly was going on, denied Mark's requests to leave and told Mark specifically that he was not free to leave.

38. After nearly two hours, Officer Rigo arrived and spoke with Officer Lemon privately.

39. Officer Lemon's report (21-003762) indicates that he "interviewed Hafkey."

40. However, Officer Lemon deliberately concealed the fact that he had Mirandized Mark after a single question and that Mark had invoked his rights to silence.

Mills + Woods Law, PLLC
5055 North 12th Street, Ste 101
Phoenix, AZ 85014
Telephone: 480.999.4556

5

41. Officer Rigo recorded in his supplemental report that when he arrived on scene, Officer Lemon told him privately that Mark "chose not to speak to Officer Lemon after being read his Miranda Rights."

42. Officer Lemon later admitted during testimony that he did Mirandize Mark, that Mark did invoke his rights, and that he continued questioning Mark for about an hour despite the invocation.

43. Both officers then walked toward Mark in a flanking manner.

44. Mark, fearing that he was being arrested for crimes unknown, wanting to diffuse the situation and save the elk meat which had not been skinned yet, offered to "un-Mirandize" himself to clear up any misunderstandings.

45. Mark did not volunteer any statements but did answer a few more questions.

46. The officers did not re-warn Mark regarding his invocation to silence nor did they afford him an attorney as requested earlier by name.

47. Mark was asked several more questions about where he first observed the elk herd and why he told Officer Lemon on the phone earlier that his vehicle had been parked on a ranch road when he shot the elk.

48. Officer Rigo indicated in his report that the reporting party (female hunter) originally alleged that she had seen a Jeep in the area two days in a row driving off road and that while she was reloading, Mark "had driven up and located the elk and shot it...".

49. However, in court, the female hunter changed her story.

50. She testified under oath that "another hunter emerged from this wooded area that would have been to my right. And he shot at the elk."

51. When asked if she observed any vehicles in the area, she testified that "I began walking down the meadow toward him, I observed to the right in that wooded area a white Jeep."

52. When asked under cross examination why she didn't report a Jeep being off road when she talked to Officer Lemon on the phone, she said "I wasn't sure initially if it was his Jeep, but he then told me that it was."

53. She also testified that "I've never seen him drive the Jeep."

54. Neither hunter identified Mark as the actual driver of the Jeep nor could they provide the officers with its license plate number.

55. The Jeep was likely visible to the hunters from where it had been parked at the gate off 9511H.

56. The hunters also had ample time to observe Mark drive in to recover his elk.

57. At no time did the officers conduct a one-on-one identification to see if the hunters could identify Mark or his Jeep.

58. In fact, neither of the hunters returned to the area after making their allegations to Officer Rigo.

59. Prior to ever arriving on scene with Officer Lemon, Officer Rigo commented on video while pointing out tire tracks that Plaintiff "deserved" a citation.

60. Officer Rigo had apparently assumed that the tracks he was following not only belonged to Mark's Jeep, but also had been made prior to the kill.

61. Officer Lemon never made contact with the other hunters but claimed that he had been given GPS coordinates to the kill site, so he went directly there to catch Mark.

62. Officer Lemon also assumed that the tracks belonged to Mark's vehicle and had been made prior to the kill.

63. The officers apparently never considered that the angry hunter may have been lying.

64. The officers apparently never asked the hunters why they didn't stay at the scene.

MILLS + WOODS LAW, PLLC
5055 North 12th Street, Ste 101
Phoenix, AZ 85014
Telephone: 480.999.4556

7

MILLS + WOODS LAW, PLLC
5055 North 12th Street, Ste 101
Phoenix, AZ 85014
Telephone: 480.999.4556

65. The hunters never provided any pictures, video or other evidence substantiating their allegations.

66. Officer Lemon clearly lacked probable cause to take Mark into custody after a single question relating to how he had driven to the kill site and without a positive identification.

67. Officer Lemon's testimony confirmed that Mark was restrained in a significant way, was denied his release when he specifically requested to leave and was kept in custody for hours waiting for Officer Rigo who had been interviewing the hunters and following vehicle tracks on foot.

68. Neither officer was a tire or tire-track expert.

69. When Officer Lemon was asked on the stand if it was possible that another Jeep had been driving in that area that day, Officer Lemon said "It is possible."

70. After several hours of custody, Officer Lemon issued Mark two citations for allegedly violating ARS 17-454 and ARS 17-301B.

71. Mark reviewed the citations and questioned their validity, but both officers insisted that the charges were valid.

72. Officer Rigo admitted to Mark that they were not accusing him of shooting wildlife from a vehicle or roadway, but rather for driving in the direction that he had seen a herd run.

73. He indicated to Mark that his actions met the definition of ARS 17-301B.

74. A reasonable person would disagree that the code has anything to do with driving in the direction where a herd had been seen running.

75. When Mark challenged their interpretation of the code, Officer Lemon sarcastically told Mark that he could just pay the fines on his way home.

MILLS + WOODS LAW, PLLC
5055 North 12th Street, Ste 101
Phoenix, AZ 85014
Telephone: 480.999.4556

76. Officer Lemon then indicated that he would be continuing his investigation regarding licensing and residency issues before sending additional citations.

77. Mark asked Officer Lemon if further citations were necessary and suggested that he simply contact Mark by phone if he thought he had violated any licensing regulations related to residency.

78. However, Officer Lemon snickered and promised he would be sending more citations.

79. From the outset, Lemon demonstrated malice towards Mark, threatening that he would find more charges to file against Mark.

80. Over the next year, Lemon did just that.

**The First Williams Case**

81. Mark soon received his first of many summonses for Officer Lemon's first two citations from the Williams Justice Court, in Case No. J-0302-CM-2021000233 (the "First Williams Case").

82. The charges in the First Williams Case included:

"COUNT 1- 17-454 – DRIVING CROSS-COUNTRY PROHIB – MISD 3RD DEGREE"

"COUNT 2- 17-301B – SHOOT WILDLIFE FROM VEHICLE – MISD. 2ND DEGREE"

83. The summons included a copy of the citations that Officer Lemon had written to Mark on December 7, 2021.

84. However, the copies of the citations clearly show that Officer Lemon violated Mark's due process rights by making material changes to the citations he provided to the court, e.g., he changed the license plate number and added additional information.

9

MILLS + WOODS LAW, PLLC
5055 North 12th Street, Ste 101
Phoenix, AZ 85014
Telephone: 480.999.4556

85.    This is evidenced by comparing Mark's copy of the citations with the copy Officer Lemon provided the Williams Justice Court.

86.    Officers are not authorized to make material changes to criminal citation after it has already been served to a defendant without requesting the corrections before a magistrate.

87.    Mark, intent on vindicating himself in court and believing Officer Lemon to likely have a discipline history, immediately requested public records from the Arizona Game & Fish Department for Officer Lemon's complaint and discipline history, as well as other evidence substantiating the charges.

88.    The Arizona Game and Fish Department indicated that Mark was not entitled to Officer Lemon's complaint or discipline history.

89.    It is common for officers to resent a defendant's request for public records regarding them, especially records related to their complaint and discipline history.

90.    Evidence suggests that Officer Lemon was no exception.

91.    It was at that time that Officer Lemon began to not only unduly influence the inexperienced prosecutor from settling the case, but also begin his witch hunt against Mark.

92.    Mark then retained Dale Anderson, Esq. to represent him on the charges.

93.    Dale Anderson attempted to resolve the matter without going to trial and the prosecutor was originally amenable until speaking with Officer Lemon.

94.    Officer Lemon objected to the prosecutor resolving the case without a trial.

95.    This is evidenced by email communication with the prosecutor confirming the officer's predilection to go to trial and other communication with Attorney Dale Anderson.

96.    Officers are generally paid overtime to attend court during their days off, thereby giving a financial incentive to litigate and issue more tickets as well.

10

97.    Mr. Anderson was the first to argue with the prosecutor (Prosecutor) that the State lacked evidence and a factual basis to prosecute Plaintiff for violations of ARS 17-301B or ARS 17-454.

98.    However, the prosecutor indicated to Mr. Anderson in no uncertain terms that he needed to support the officer's wishes to go to trial.

99.    Mr. Anderson lives in Illinois so once trial became inevitable, Mr. Anderson withdrew from the case and advised Mark to seek local counsel.

100.    Before withdrawing, Mr. Anderson advised Prosecutor Arocho that the Plaintiff wanted a "jury trial" and to "depose all witnesses."

101.    The Williams Court magistrate later denied Plaintiff a jury trial.

102.    Civilian witness information was never provided and the hunters' names were redacted from all police reports, so the defendant never had an opportunity to depose them.

103.    Mark represented himself for several months on the first two citations written by Officer Lemon.

104.    Pursuant to rules of discovery, Mark also requested all evidence substantiating the first two charges, as well as specific discovery items, e.g., Arizona Fish and Game policies and procedures relating to the enforcement of the charges in question and a copy of the back of Officer Lemon's citation, as it is common practice for officers to document case related information on the back of their citation.

105.    The discovery requests have never been disclosed.

106.    Prosecutor Arocho kept deferring to Officer Lemon as apparently denying the existence of Mark's discovery requests and indicating that the "RP's" were confidential.

MILLS + WOODS LAW, PLLC
5055 North 12th Street, Ste 101
Phoenix, AZ 85014
Telephone: 480.999.4556

11

MILLS + WOODS LAW, PLLC
5055 North 12th Street, Ste 101
Phoenix, AZ 85014
Telephone: 480.999.4556

107.   In a telephonic status hearing, Mark advised Judge Krombeen and Prosecutor Arocho that he had still not received his discovery requests.

108.   Prosecutor Arocho advised Judge Krombeen that he had attempted to obtain said discovery items but that Officer Lemon *denied their existence*.

109.   Mark filed Pro Se Motions to Dismiss and Suppress arguing, among other things, a lack of evidence, that discovery was not disclosed by the first Pre-Trial conference pursuant to ARS Rules of Criminal Procedure (15.1) and 5th Amendment violations.

110.   On May 5, 2022, Prosecutor Arocho finally submitted "Rule 15 disclosure by the State" naming only sworn officer witnesses to make the State's case.

111.   He provided another redacted police report (concealing the names of the RPs) and a copy of the front of the officer's citation rather than ***the back as Plaintiff had requested.***

112.   There was likely exculpatory evidence contained there and it was never disclosed – because Lemon claimed it did not exist anymore.

113.   It obviously existed since Plaintiff was provided a copy of the ***front*** of Officer Lemon's citation on the officer's clip board.

114.   Lemon willfully withheld this.

115.   In the *State's Response to Motion to Suppress*, Mr. Arocho wrote "Officer Lemon's report indicates that Defendant was properly Mirandized" and that the Plaintiff "chose not to answer questions, his request was respected."

116.   Miranda was a material issue in the Motion to Suppress but Mr. Arocho's statements were completely false.

117.   Officer Lemon attempted to conceal the fact that Mark had invoked his Miranda rights by omitting Miranda from his report altogether, and Mark's invocation was certainly not respected nor properly documented.

12

Mills + Woods Law, PLLC
5055 North 12th Street, Ste 101
Phoenix, AZ 85014
Telephone: 480.999.4556

118. During a suppression hearing on October 27, 2022 at the Williams Justice Court, Officer Lemon admitted giving Miranda warnings to Mark and that Mark clearly invoked his rights.

119. Officer Lemon admitted that he continued to question Mark after his invocation.

120. When asked about the absence of any reference to Miranda in his report, Officer Lemon brazenly testified that "I did not write that in my report."

121. Lemon had been an officer for at least a decade – leaving out this information is a willful and knowing decision.

122. When asked at what point he stopped questioning Mark, Officer Lemon testified "I don't know where I could define a point that I stopped questioning him

123. When asked if Officer Lemon understood the purpose of Miranda, he stated "for their protection and to seek counsel before answering questions related to the case that may be at hand."

124. Officer Lemon admitted telling Officer Rigo that Mark had invoked his rights.

125. He also admitted that Mark had requested to leave and was told that he was not free to leave.

126. Officer Lemon testified that "Upon asking one or two questions, it was then my plan to keep him."

127. When asked about any other investigations going on and if he told Mark that he was going to be mailing him additional citations, Officer Lemon testified "No."

128. However, Officer Rigo's testimony and the additional fourteen citations mailed to Mark in the Second Williams Case and the Desert Ridge Case discussed below contradicts his testimony.

MILLS + WOODS LAW, PLLC
5055 North 12th Street, Ste 101
Phoenix, AZ 85014
Telephone: 480.999.4556

129. Also, during the evidentiary hearing on October 27th, Prosecutor Arocho objected to the relevance of "out-of-state license questions as to the Miranda issue."

130. While arguing the merits of *Michigan v Mosl*ey, a case presented by Mark, Arocho stated that "there is no separate investigation going on" and that Officer Lemon wasn't questioning Plaintiff "about separate incidents" when he clearly knew that there was a separate and ongoing investigation relating to licensing and residency issues.

131. Officer Lemon had also already testified that he was questioning Mark about other potential hunting violations.

132. Prosecutor Arocho's statements are clearly contradicted by the police report and Officer Lemon's courtroom testimony.

133. On October 28, 2022, Justice Krombeen ruled correctly that Plaintiff's statements were not voluntary and suppressed them.

134. Mark went to trial on the charges in the First Williams Case and lost because the Court allowed the reporting party to testify despite Mark never having an opportunity to depose the witness.

135. Mark's attorney, the same as his underlying counsel here, strongly argued that the witness was not disclosed properly pursuant to Rules of Criminal Procedure which state that that the State must disclose the name and address of every person it intends to call by the 1st pretrial conference, which was held on March 1, 2022 (see Ariz. R. Crim. P. 15.1(C)(2)).

136. The civilian witness was not disclosed in Prosecutor Arocho's Rule-15 Disclosure either.

137. Prosecutor Arocho stated in court "I have no record of him asking for reporting party information. None of her information is referenced in the original report."

14

and "I did not know if her information was available." and "that information was not in my possession."

138.   Clearly, Prosecutor Arocho had the reporting person(s) names and information from the outset of the investigation as the report clearly shows the blank space where their names had been redacted.

139.   They were never disclosed as witnesses to Mark for nearly a year of proceedings, including multiple pretrial conferences, a status update hearing, a hearing on motions to dismiss and suppress, and numerous other communications.

140.   Mark and his attorneys had repeatedly requested names of all witnesses and discovery of all evidence against him.

141.   If Prosecutor Arocho had needed the witness to testify, he had every opportunity and a duty to disclose them in a timely manner, and he should have immediately disclosed both civilian witnesses during initial discovery since both had been interviewed by Officer Rigo.

142.    It was only after the Judge ruled against the State at the October 27th suppression hearing to suppress Mark's statements that Prosecutor Arocho decided to switch gears and throw a Hail Mary hoping he could convince the judge to allow a previously undisclosed witness to testify.

143.   Unfortunately, the trial court judge, Krombeen, allowed the scorned hunter to testify despite arguments that she had not been disclosed properly.

144.    She was also seen coming out of an interview room with Officer Lemon, Officer Rigo and Prosecutor Arocho after the "Rule of Exclusion" had been invoked and just prior to her testifying.

145.   Her statements to Officer Rigo on December 7, 2021 had suddenly changed since being contacted by Officer Lemon to testify.

15

146. Officer Lemon had heard Mark's testimony and would have known exactly what to feed the witness.

147. Officer Lemon never supplemented his original report that he had contacted the witness at all.

148. On January 19, 2023, the Court found that the reporting party's testimony was the basis for which it would find Mark guilty of those charges.

149. Mark filed a notice of appeal on February 1, 2023.

150. That appeal was fully briefed by May 1, 2023.

151. On August 16, 2023, the Coconino Superior Court affirmed the decision in the First Williams Case.

152. That would have been the end of things, but for Lemon's continued vindictive actions against Mark.

### Lemon's Continued Maliciousness

153. During the First Williams Case, Lemon continued to work in the background to "dig up" anything he could against Mark.

154. On December 1, 2022, three hundred sixty days after first coming into contact with Mark, Lemon issued fourteen charges against Mark:

| 76063A 12-7-2021 | 17-341A | Use lifetime lic. obtained by misrepresentation |
| 76063B 12-7-2021 | 17-331A | Take (elk) w/invalid lic. |
| 76063C 12-7-2021 | 17-341A | Use tag obtained by misrepresentation |
| 76063D 12-7-2021 | 17-309A2 | Per 17-341A Take (elk) w/invalid tag |
| 76063E 12-7-2021 | R12-4-302A | Poss. unlawfully taken elk |
| 76064 11-5-2012 | 17-341A | Obtain lifetime lic. By misrepr |
| 76065 2-11-2014 | 17-341A | Apply for resident elk permit by fraud |
| 76066 2-11-2015 | 17-341A | Apply for resident elk permit by fraud |

MILLS + WOODS LAW, PLLC
5055 North 12th Street, Ste 101
Phoenix, AZ 85014
Telephone: 480.999.4556

| | | | |
|---|---|---|---|
| 76067 | 2-09-2016 | 17-341A | Apply for resident elk permit by fraud |
| 76068 | 2-14-2017 | 17-341A | Apply for resident elk permit by fraud |
| 76069 | 2-13-2018 | 17-341A | Apply for resident elk permit by fraud |
| 37930 | 2-12-2019 | 17-341A | Apply for resident elk permit by fraud |
| 37931 | 2-11-2020 | 17-341A | Apply for resident elk permit by fraud |
| 37932 | 2-09-2021 | 17-341A | Apply for resident elk permit by fraud |

155.   Officer Lemon's second incident report corroborates that he interrogated Mark while in custody after Mark had invoked his 5th Amendment rights because he questioned "the validity of the resident elk tag."

156.   The report also confirmed that Officer Lemon not only used Mark's in-custody statements in his warrant affidavit dated April 5, 2022, but also in an attempt to justify probable cause for all of the new charges; knowing that Judge Krombeen had already ruled that Mark's statements were obtained illegally.

157.   Officer Lemon willfully kept that ruling out of his report.

158.   On December 1, 2022, three hundred sixty days after first coming into contact with Mark, Lemon issued fourteen charges against Mark (five in Williams Justice Court in Coconino County, and nine in Desert Ridge Justice Court in Maricopa County.

159.   The Williams' charges (the "Five Charges") included:

| | | | |
|---|---|---|---|
| 76063A | 12-7-2021 | 17-341A | Use lifetime lic. obtained by misrepresentation |
| 76063B | 12-7-2021 | 17-331A | Take (elk) w/invalid lic. |
| 76063C | 12-7-2021 | 17-341A | Use tag obtained by misrepresentation |
| 76063D | 12-7-2021 | 17-309A2 | Per 17-341A Take (elk) w/invalid tag |
| 76063E | 12-7-2021 | R12-4-302A | Poss. unlawfully taken elk |

160.   The Desert Ridge charges (the "Nine Charges") included:

| | | | |
|---|---|---|---|
| 76064 | 11-5-2012 | 17-341A | Obtain lifetime lic. By misrepr |

MILLS + WOODS LAW, PLLC
5055 North 12th Street, Ste 101
Phoenix, AZ 85014
Telephone: 480.999.4556

17

76065 2-11-2014    17-341A    Apply for resident elk permit by fraud

76066 2-11-2015    17-341A    Apply for resident elk permit by fraud

76067 2-09-2016    17-341A    Apply for resident elk permit by fraud

76068 2-14-2017    17-341A    Apply for resident elk permit by fraud

76069 2-13-2018    17-341A    Apply for resident elk permit by fraud

37930 2-12-2019    17-341A    Apply for resident elk permit by fraud

37931 2-11-2020    17-341A    Apply for resident elk permit by fraud

37932 2-09-2021    17-341A    Apply for resident elk permit by fraud

161. Officer Lemon's second report corroborates that he interrogated Plaintiff while in custody after Plaintiff had invoked his 5th Amendment rights because he questioned "the validity of the resident elk tag."

162. The report also confirmed that Officer Lemon not only used Mark's in-custody statements in his warrant affidavit dated April 5, 2022, but also in an attempt to justify probable cause for all of the new charges; knowing that Judge Krombeen had already ruled that Mark's statements were obtained illegally.

163. Officer Lemon willfully kept that ruling out of his report.

164. On April 5, 2022, based primarily upon post-Miranda statements obtained from Mark relating to his residences in Arizona and California, Officer Lemon completed an *Affidavit for Search Warrant* for Mark's tax records.

165. The search warrant was served to the State of Arizona Department of Revenue on April 5, 2022, but it was not returned until May 2, 2022 in violation of ARS 13-3918 which states that "A search warrant shall be executed within five calendar days from its issuance and returned to a magistrate within three court business days after the warrant is executed."

MILLS + WOODS LAW, PLLC
5055 North 12th Street, Ste 101
Phoenix, AZ 85014
Telephone: 480.999.4556

18

MILLS + WOODS LAW, PLLC
5055 North 12th Street, Ste 101
Phoenix, AZ 85014
Telephone: 480.999.4556

166. In an attempt to misrepresent to the Coconino County Superior Court magistrate that Officer Lemon failed to return the executed warrant within 3 days in accordance with Title 13, Lemon <u>falsely documented</u> on the *Search Warrant Return and Inventory* form that the evidence was found on "4/29/22."

167. Pursuant to a letter written by Monica Denecho, a Disclosure Assistant with the Department of Revenue's Disclosure Office, dated April 19, 2022, the tax return was actually returned to Officer Lemon on April 19, 2022 and was date stamped accordingly.

168. Further evidence of Officer Lemon's <u>willful concealment</u> of when the search warrant was actually returned is also evident in the fact that his Search Warrant and its Affidavit was not disclosed to Mark with initial discovery.

169. Suppressed statements obtained from Mark after his 5th Amendment invocation were used as the basis for Officer Lemon's continued investigation into hunt licensing issues.

170. Officer Lemon presented these statements in his *Warrant Affidavit* to obtain a warrant for Plaintiff's tax records as well. The tax report obtained in the unlawful search was later used as the basis for fourteen additional charges initiated by Officer Lemon.

171. Note, it is not common practice for any officer to issue 16 citations to an individual. Officers suspecting additional violations normally submit a report to the prosecutor's office requesting charges.

172. Officer Lemon likely bypassed normal police procedures knowing that justice courts do not have a layer of prosecutorial review for citations.

173. Defendants are simply summoned to court on the charges indicated by the officer.

19

MILLS + WOODS LAW, PLLC
5055 North 12th Street, Ste 101
Phoenix, AZ 85014
Telephone: 480.999.4556

174. During this time frame, Mark learned that Officer Lemon had been contacting and interviewing a number of other potential witnesses that were also not disclosed to Mark.

175. Some of those individuals came forward and provided exculpatory evidence on behalf of the Mark relating to the Five Charges and the Nine Charges.

176. Officers are required to document in their report all witnesses they interview, even witnesses who provide exculpatory evidence.

177. After reviewing Officer Lemon's reports (21-003762 and 22-000155), the October 27th evidentiary hearing transcripts, and the January 19th trial transcripts, it became very clear that there are contradictions, inaccuracies, inconsistencies and many suppositions in his conclusions.

178. Officer Lemon's report 22-000155 indicates that the violations "occurred between 12/07/22 and 01/24/22". However, he cited Mark for violations dating from November 5, 2012 to December 7, 2021.

179. Officer Lemon's report 22-000155 states that he received the 2nd call from the scorned hunter "A few moments after the first call." However, Officer Lemon had testified under oath that he received the call "15-minutes after" and agreed that it could have even been up to 20 minutes later. Officer Lemon had a motive to change his testimony due to his having heard trial arguments that the other hunter did not see Mark's vehicle parked near the kill site or she would have immediately reported it to him. Mark's vehicle was parked at a gate at ranch road marked 9511H in Coconino County less than a mile away and visible to the other hunter from where she had initially wounded the elk.

180. Officer Lemon testified at trial in the First Williams Case that "There are roads several miles away from the gate after the gate, but not right at the gate." However, the state's exhibit clearly shows a gate at 9511H with a designated road leading up to it

less than a mile from the kill site.  Prosecutor Arocho also advised the court "Your Honor, we agree that it was less than a mile.· And we agree that the retrieval is ·allowed."

181.    In Officer Lemon's report 22-000155, he stated "Hafkey was driving a Jeep Wrangler…" However, Officer Lemon admitted several times throughout his testimony that he had never observed Mark driving the Jeep or pursuing an elk. According to Officer Lemon's reports and subsequent testimony in the First Williams Case, his first contact with Mark was more than two hours after receiving the first call.

182.    Officer Lemon's report 22-000155 states "Officer Lemon did not ask Hafkey about his cross-country travel or the take of the elk while Hafkey was Mirandized." However, when Officer Lemon was asked whether he asked Mark about "dragging the elk" across country during the October 27th hearing, Officer Lemon admitted "I probably did."

183.    Furthermore, in Officer Lemons 2nd report, he stated "Officer Lemon began to ask questions about Hafkey's cross-country travel and take of elk using the aid of a vehicle."

184.    Mark had not only invoked his rights to silence but also requested his attorney by name.  Officers cannot continue questioning without an attorney present and, therefore, was still Mirandized.

185.    Officer Lemon's report 22-000155 states "Hafkey was no longer affiliated with SDI after 2008."

186.    Officer Lemon bases his supposition from an Arizona Corporation Commission document which merely indicates that there was a change in officer status.

187.    Dr. Besserman took over as President and Lyle Rodabough stepped in as an officer.

188.    Mark was involved with the company until it was dissolved in December of 2012.

MILLS + WOODS LAW, PLLC
5055 North 12th Street, Ste 101
Phoenix, AZ 85014
Telephone: 480.999.4556

21

189. Officer Lemon testified at the October 27th hearing that when he first contacted the Plaintiff sitting in a Jeep, he Mirandized him "after like one or two questions."

190. Mr. Woods then clarified by asking "After an initial question or two, did you Mirandize him?" and Officer Lemon responded "Yes."

191. However, at the trial on January 19th, Officer Lemon testified under oath "I asked him about the violations, the elk, where he got the elk, general, can I see your hunting license, and is this your elk, and then Mirandized him."

192. After the Plaintiffs post-Miranda statements were all suppressed following the October 27th evidentiary hearing, Officer Lemon completely changed his testimony.

193. During the trial, Officer Lemon agreed that the RP was "upset" about losing the elk to the Plaintiff.

194. Officer Rigo described the Plaintiff as "very polite," "professional" and said "I don't think he was trying to be deceptive at all."

195. The RP was angry and had motive to lie.

196. Mark did not.

197. Officer Lemon's report states that the post office box used by MArk for his mailing address in Arizona "belonged to a Richard Besserman."

198. Officer Lemon neglected to point out that the box was a shared "company box" as opposed to an "individual box" as indicated on the rental agreement.

199. He further misconstrued Dr. Besserman's testimony in his report.

200. In reference to Mark's Claim for Homeowners Property Tax Exemption, Officer Lemon said that Plaintiff "stated he primarily resided at 33099 Road 800, Raymond, CA 93653 in February 2013."

MILLS + WOODS LAW, PLLC
5055 North 12th Street, Ste 101
Phoenix, AZ 85014
Telephone: 480.999.4556

22

201. The form actually reads: "Date you occupied this property as your principal residence (see instructions): 2/2013."

202. This date corroborates the fact that Plaintiff did not occupy the residence until 2013 after obtaining a lifetime hunting license.

203. Mark indicated on the form that he "Built Home in 2012-2013," which indicates that it was not completed until 2013.

204. Having a principal residence in California does not necessarily mean Mark was not also a resident of Arizona for six months immediately preceding the date of application as required to obtain a lifetime license.

205. Officer Lemon's report indicates that a notarized document "placed Hafkey in California in August 2012."

206. What he neglected to point out is that Mark was having another house built in California at that time and had a purpose to visit.

207. It was also Mark's birthday about the time the form was signed and MArk was celebrating it with family in California.

208. Officer Lemon's report indicates that Mark testified that "I had my primary residence in California," but he did not give that quote any context.

209. Mark has had residences in Arizona, Mexico and California.

210. Furthermore, the word "primary" is not used on the lifetime hunting application at all, but rather "bona fide resident" which can easily be interpreted in different ways.

211. Officer Lemon's report indicates that Mark advised him that he was currently working for an airline as a flight attendant based out of Sky Harbor.

MILLS + WOODS LAW, PLLC
5055 North 12th Street, Ste 101
Phoenix, AZ 85014
Telephone: 480.999.4556

23

212. However, Officer Lemon conveniently neglected to add that to his report as that as it would not have aided Lemon's case. [1]

213. Upon learning that Plaintiff was a flight attendant, Officer Lemon snickered and mockingly asked something to the effect of "why would a police officer decide to be one of those?"

214. Plaintiff took that to be a slight against Mark that he was less than a man.

## The Desert Ridge Case

215. At the same time as the Second Williams Case was submitted for charges, Lemon submitted the Nine Charges in the Desert Ridge Justice Court, Case No. JC2022-145163 (the "Desert Ridge Case")

216. This was done nearly simultaneously making it difficult for Mark to be present in both jurisdictions simultaneously.

217. The Nine Charges included a main charge of a violation of A.R.S. § 17-341A Obtain lifetime license By misrepresentation.

218. Discovery began in the Desert Ridge Case.

219. The prosecutor and underlying counsel engaged in discussions.

220. Based on all of the information discussed above, it was decided that the charges were shaky at best and a diversion plea was offered for full dismissal of all of the Nine Charges.

221. Mark obtained a full dismissal of all of the Nine Charges on November 9, 2023.

---

[1] This is one of three clear investigative failures or willful exclusions to Lemon's investigation. Mark was employed by the airline and his homebase was Phoenix, Arizona. He also could have included and should have included the fact that Mark had a car registered in Arizona during the entirety of the time period Lemon investigated. Furthermore, Mark was registered to vote – *in Arizona*. All of these facts were not included in Lemon's reports.

MILLS + WOODS LAW, PLLC
5055 North 12th Street, Ste 101
Phoenix, AZ 85014
Telephone: 480.999.4556

24

222. This case ended favorably to Mark.

### The Second Williams Case

223. As discussed herein, while the First Williams Case was proceeding, Officer Lemon continued to attempt to obtain any evidence to charge Mark with further crimes – even after a ruling that anything obtained following Mark's invocation of his Fifth Amendment rights was suppressed.

224. Lemon then cited Mark with the Five Charges in the Williams Justice Court in Case No. J-0302-CM-2022000167. (the "Second Williams Case").

225. Mark's counsel and the prosecutor in the Second Williams Case engaged in discussions regarding the fact that the Five Charges had no underlying basis for prosecution – that being that they were based on the proposition that Mark had obtained a lifetime hunting license via means of misrepresentation.

226. However, while discussion a diversion plea, Mark thought it might be best to go to trial.

227. After thinking about that decision – knowing the trial would be in front of Judge Krombeen again in the Williams Justice Court – Mark decided to take an *Alford* plea professing his innocence to one of the Five Charges with full dismissal of the remaining four.

228. This order was entered on October 11, 2024.

### Arizona Game and Fish Director Ty E. Gray

229. During Mark's battle against Lemon's crusade, he made public records requests to Ty E. Gray requesting Lemon's personnel files.

230. Furthermore, Mark requested that Ty investigate Lemon for violations of Mark's civil rights.

MILLS + WOODS LAW, PLLC
5055 North 12th Street, Ste 101
Phoenix, AZ 85014
Telephone: 480.999.4556

MILLS + WOODS LAW, PLLC
5055 North 12th Street, Ste 101
Phoenix, AZ 85014
Telephone: 480.999.4556

231. Lemon mysteriously ended his employment with AZGFD during this timeframe.

232. Ty then refused to provide any records, and he specifically refused to investigate Mark's complaints about Lemon for the sole reason that Lemon had left the AZGFD.

233. By these actions, Ty showed deliberate indifference to the fact that one of his officers was violating a citizen's Constitutional rights and ratified those actions and inactions of Lemon.

234. Ty's actions and inactions caused Mark to endure another nearly two years of fighting against the charges submitted by Lemon – charges that lacked probable cause, charges that Lemon either incompetently did not investigate or worse, purposefully hid exculpatory evidence.

### Arizona Game and Fish Levy a Civil Fine on Mark

235. On January 17, 2025, the AZGFD issued a notice of hearing to Mark regarding revocation of his hunting licenses and issuance of a Civil Penalty against Mark.

236. Mark and his counsel appeared at the February 14, 2025 hearing in front of the Arizona Game and Fish Commission in Yuma, Arizona.

237. During this hearing, Lemon was allowed to give a statement.

238. His statement was rife with falsities to the AZGFD.

239. Not only had Lemon changed his testimony in the First Williams Case, but he then adjusted it to suit his narrative and campaign of vindictiveness against Mark.

240. The AZGFD issued a FINDINGS OF FACT, CONCLUSIONS, OF LAW, AND ORDER that was served upon Mark on March 6, 2025.

MILLS + WOODS LAW, PLLC
5055 North 12th Street, Ste 101
Phoenix, AZ 85014
Telephone: 480.999.4556

241. Mark – through undersigned counsel – submitted a Request for Rehearing of Docket No. 2025-0010 pursuant to the Arizona Administrative Code ("AAC") R12-4-608. (the "Rehearing Request").

242. In the Rehearing Request, Mark specifically laid out the inconsistencies with Lemon's statements to the AZGFD Commission.

243. Lemon told the Commission that "Hafkey used his vehicle to drive cross country and obtain a visual on a herd of elk and then kill a cow elk in an area where there were no roads."

244. This is not accurate.

245. Mark told the AZGFD that:

the officers were not present during the alleged violations and had no first-hand account. The allegation of driving cross country was made by a scorned hunter. Officer Lemon confirmed that Mr. Hafkey was the proper party to rule in favor of possession. The other hunter had shot the cow elk in its leg. The elk needed to be dispatched to put it out of its pain and suffering. This hunter also testified under oath that she never actually observed Mark Hafkey driving a vehicle or driving off road. Furthermore, there were roads in the area which Officer Lemon was not familiar with since he did not normally work that area. Mark Hafkey did not testify at trial and the JP judge found Mark guilty of A.R.S. §§ 17-454 and 17-301(B) on the circumstantial case.

246. Lemon told the Commision that "Hafkey was residing in California from this date into the future, but he obtained a lifetime hunting license in Arizona in November of 2012. From his tax records, stating he was only a part time resident in 2012, a lifetime hunting license was obtained by misrepresentation. Hafkey was not a resident of the state of Arizona for 6 months immediately preceding the purchase of the license…"

247. Again, this is inaccurate and blatantly false.

248. Mark was **never** found guilty of obtaining a lifetime license by misrepresentation.

249. In fact, that charge was ***specifically dismissed*** in the Desert Ridge Case.

MILLS + WOODS LAW, PLLC
5055 North 12th Street, Ste 101
Phoenix, AZ 85014
Telephone: 480.999.4556

250. At the initial hearing, Chief Elm stated "Mr. Hafkey was also issued 10 citations containing 14 violations, including applying for, obtaining, and using resident elk permits by fraud, obtaining and using a lifetime license by fraud, taking elk with invalid tag and license, and possession of unlawfully taken elk. All of these charges were dismissed per the plea agreements in the respective courts."

251. These charges were not prosecuted but rather dismissed pursuant to a deferred prosecution agreement, as opposed to a "plea" bargain which Chief Elm stated. The inclusion of all of the dismissed citations was unduly inflammatory and would more than likely have been excluded in a Court of law as unduly prejudicial.

252. Furthermore, Officer Lemon mailed Mark the 10 additional citations 360 days after his initial contact rather than submitting evidence to the prosecutor's office which is standard procedure for adding charges ex post facto

253. Mark told the Commission that after he dispatched the elk, he walked back to his vehicle parked at the gate.

254. Officer Lemon later refuted that statement by claiming to the Commission that Mark was injured and having trouble standing.

255. However, when Lemon testified at trial and was asked if he noticed any physical injury, he responded "I did not notice any injury but he told me of one."

256. Officer Lemon also told the Commission that Mark testified at trial.

257. Mark did not.

258. Finally, Officer Lemon inflamed the Commission even more by implying that Mark was not cooperative and that Mark was threatening him by stepping close to him.

259.    Mark never threatened Lemon.

260.    Furthermore, Lemon did not mention that Mark had difficulty hearing Officer Lemon due to the rain and wind.

261.    Mark had advised Officer Lemon at the time he was detained he was hard of hearing.

262.    The Commission did not permit Mark refute Officer Lemon's statements.

263.    A rehearing occurred, and the Commission affirmed its initial findings.

264.    The Commission levied an approximate $10,000 civil fine against Mark.

265.    Currently, these findings are on appeal at the Maricopa County Superior Court.

266.    Officer Lemon's investigation and actions from his initial contact with the Plaintiff clearly shows a pattern of deceit, bias and retaliation.  His actions to unduly influence the prosecutor, withhold exculpatory evidence and then write Plaintiff an absorbent number of citations goes far beyond the pale.

267.    Lemon's campaign against Mark has lasted close to four (4) years – trying everything and changing testimony to fit whatever narrative he needed to give to cause Mark to expend countless hours and money defending against Lemon's false crusade.

268.    This has caused a significant toll on Mark's mental and physical wellbeing.

## COUNT I -- MALICIOUS PROSECUTION IN VIOLATION OF THE FOURTH, FIFTH, AND FOURTEENTH AMENDMENTS AND 42 U.S.C. § 1983 (ALL DEFENDANTS)

269.    Plaintiff incorporates the allegations in the foregoing paragraphs as though fully set forth herein.

270.    42 U.S.C. § 1983 provides individuals with a cause of action to sue for violations of his or her constitutional rights. The 14th Amendment protects individuals

29

MILLS + WOODS LAW, PLLC
5055 North 12th Street, Ste 101
Phoenix, AZ 85014
Telephone: 480.999.4556

from constitutional violations of State and local authorities. As incorporated by the 14th Amendment, the 4th Amendment protects individuals from malicious prosecution. The Defendants, while acting in their official capacity and individual capacities and under the color of law, violated Mark's rights to freedom from malicious prosecution.

271. The Defendants acted willfully, knowingly, and with specific intent to deprive Mark Hafkey of his rights under the Fourth Amendment of the United States Constitution, including his right to be protected from malicious prosecution.

272. Defendants acted unreasonably by failing to have probable cause to arrest and prosecute Mark as discussed herein.

273. Lemon continued to pursue Mark with malice including changing testimony or presenting falsities to prosecutors, on charging documents, failing to follow Arizona law regarding search warrants, and using information obtained after continued questioning when Mark had invoked his Fifth Amendment rights.

274. By deliberately failing to investigate Mark's complaint against Lemon, Ty ratified Lemon's actions as if he had done them himself.

275. Lemon presented false and/or misleading testimony to the Courts and the AZGFD Commission.

276. Lemon acted with malice in instituting and continuing criminal proceedings against Mark.

277. Lemon's primary motives in his campaign against Mark were punitive in nature because he disliked Mark.

278. The criminal actions were brought in bad faith, against an earlier ruling suppressing statements made by Mark after invoking his rights, and even when Lemon's statements have been shown to be false or changing, he still did everything he could to cause Mark to be under prosecution for years.

30

MILLS + WOODS LAW, PLLC
5055 North 12th Street, Ste 101
Phoenix, AZ 85014
Telephone: 480.999.4556

279. The prosecution of Mark's criminal charges were not brought for the purpose of bringing the defendant to justice.

280. Mark's charges were all dismissed on motion of the prosecutor in the Desert Ridge Case. Mark's only "guilty" charge was pursuant to an *Alford* plea.

281. Mark's arrest and prosecution was the direct result of Lemon's actions and inactions.

282. Additionally, the acts of Lemon, as set forth above, demonstrate gross and wanton negligence in that each of them knew or had reason to know that their acts individually and collectively created an unreasonable risk of Constitutional violations to Mark's rights, and a high probability that substantial harm would result.

283. In causing harm to Mark through the malicious prosecution, Lemon acted with an evil mind and a malignant heart warranting an award of punitive damages.

## COUNT II  Violation of Procedural Due Process – Fifth Amendment to the U.S. Constitution and 42 U.S.C. 1983

284. Plaintiff incorporates the allegations in the foregoing paragraphs as though fully set forth herein.

285. As discussed herein, Lemon continued questioning Mark after mark invoked his right to counsel and right to silence.

286. Mark, fearing Lemon's reprisal, attempted to be friendly and answer questions from Lemon following his invocation.

287. Lemon never warned Mark nor advised him again of his rights.

288. A Court of competent jurisdiction found that the statements made by Mark following his invocation were suppressed.

289. Yet, Lemon continued forward with his campaign against Mark, using Mark's statements to "investigate" Mark for being an out of state resident.

MILLS + WOODS LAW, PLLC
5055 North 12th Street, Ste 101
Phoenix, AZ 85014
Telephone: 480.999.4556

290. Lemon used these statements as the basis for the Five Charges and the Nine Charges.

291. Lemon could not do so and could not use those statements as a basis for probable cause.

292. Because Lemon's conduct in arresting, detaining, interrogating and charging him on that basis, Lemon violated Mark's right to procedural due process under the Fifth Amendment to the U.S. Constitution.

293. Lemon violated Mark's constitutional rights, subjected him to injury that is unjustifiable by any government interest without due process of law, and placed him at imminent risk of suffering further harm absent the relief requested below.

### JURY TRIAL DEMAND

294. Plaintiffs hereby demand a jury trial in this matter as to all claims and against all Defendants.

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs requests that the Court enter judgment against the Defendants and in favor of the Plaintiffs, as follows:

a) For compensatory, general and special damages against each and every Defendant, jointly and severally, in an amount to be proven at trial;

b) For all other non-pecuniary damages as to be proven at trial;

c) For punitive and exemplary damages against Defendants in an amount appropriate to punish the wrongful conduct alleged herein and to deter such conduct in the future;

d) For pre-and post judgment interest to the extent provided by law;

e) For Plaintiffs' incurred costs, including all incurred attorneys' fees and court costs, pursuant to 42 U.S.C. §1988 and as otherwise authorized by any other statute or law; and

32

Docusign Envelope ID: 0DB9BB42-7370-4B7E-895E-2049A0A50C5A

f)     For such other relief as this Court may deem proper.

**RESPECTFULLY SUBMITTED** this 11th day of October 2025.

**MILLS + WOODS LAW, PLLC**

By_____*/s/ Sean A. Woods*_____
　　　Sean A. Woods
　　　Robert T. Mills
　　　5055 North 12th Street, Suite 101
　　　Phoenix, Arizona 85014
　　　*Attorneys for Plaintiff*

**ORIGINAL** filed this 11th day of October, 2025
via AZTurboCourt with the Clerk of the
Maricopa County Superior Court

_____*/s/ Ben Dangerfield*_____

**VERIFICATION**

I, Mark Hafkey, state as follows:

     I am the Plaintiff listed in the foregoing Verified Complaint and know the contents thereof; the allegations contained therein are true to the best of my knowledge, except those made upon information and belief, and as to those, I believe them to be true.



Mark Hafkey

MILLS + WOODS LAW, PLLC
5055 North 12th Street, Ste 101
Phoenix, AZ 85014
Telephone: 480.999.4556

34

# In the Superior Court of the State of Arizona
# In and For the County of Maricopa

Clerk of the Superior Court
*** Electronically Filed ***
A. Winkles, Deputy
10/11/2025 5:14:20 PM
Filing ID 20742421

**Plaintiff's Attorney:**

Sean Woods
Bar Number: 028930, issuing State: AZ
Law Firm: Mills + Woods Law, PLLC
5055 N. 12th St. Suite 101
Phoenix, AZ 85014
Telephone Number: (480)999-4556
Email address: swoods@millsandwoods.com

**CV2025-037251**

**Plaintiff:**

Mark Hafkey
5055 N. 12th St. Suite 101
Phoenix, AZ 85014

**Defendants:**

William Lemon

Ty Gray

Discovery Tier t3

Case Category: Tort Non-Motor Vehicle
Case Subcategory: Intentional Tort

AZTurboCourt.gov Form Set #12242798

Civil Cover Sheet

Page 1 of 1

Clerk of the Superior Court
*** Electronically Filed ***
A. Winkles, Deputy
10/11/2025 5:14:20 PM
Filing ID 20742422

Person/Attorney Filing: Sean Woods
Mailing Address: 5055 N. 12th St. Suite 101
City, State, Zip Code: Phoenix, AZ 85014
Phone Number: (480)999-4556
E-Mail Address: swoods@millsandwoods.com
[ ☐ ] Representing Self, Without an Attorney
(If Attorney) State Bar Number: 028930, Issuing State: AZ

## IN THE SUPERIOR COURT OF THE STATE OF ARIZONA
## IN AND FOR THE COUNTY OF MARICOPA

Mark Hafkey
Plaintiff(s),

v.

William Lemon, et al.
Defendant(s).

Case No. **CV2025-037251**

**CERTIFICATE OF COMPULSORY ARBITRATION**

I certify that I am aware of the dollar limits and any other limitations set forth by the Local Rules of Practice for the Maricopa County Superior Court, and I further certify that this case IS NOT subject to compulsory arbitration, as provided by Rules 72 through 77 of the Arizona Rules of Civil Procedure.

RESPECTFULLY SUBMITTED this October 11, 2025

By: Sean Woods /s/
Plaintiff/Attorney for Plaintiff

Person Filing: Sean Woods
Address (if not protected): 5055 N. 12th St. Suite 101
City, State, Zip Code: Phoenix, AZ 85014
Telephone: (480)999-4556
Email Address: swoods@millsandwoods.com
Representing [ □ ] Self or [ ☒ ] Attorney for:
Lawyer's Bar Number: 028930, Issuing State: AZ

Clerk of the Superior Court
*** Electronically Filed ***
A. Winkles, Deputy
10/11/2025 5:14:20 PM
Filing ID 20742423

# SUPERIOR COURT OF ARIZONA
## IN MARICOPA COUNTY

Case Number: **CV2025-037251**

Mark Hafkey
Name of Plaintiff

AND

**SUMMONS**

William Lemon, et al.
Name of Defendant

| **WARNING**: This is an official document from the court that affects your rights.  Read this carefully. If you do not understand it, contact a lawyer for help. |
|---|

**FROM THE STATE OF ARIZONA TO:** William Lemon

Name of Defendant

1.   **A lawsuit has been filed against you.**  A copy of the lawsuit and other court papers are served on you with this *"Summons"*.

2.   If you do not want a judgment or order taken against you without your input, you must file an *"Answer"* or a *"Response"* in writing with the court and pay the filing fee. If you do not file an *"Answer"* or *"Response"* the other party may be given the relief requested in his/her Petition or Complaint.  To file your *"Answer"* or *"Response"* take, or send, the *"Answer"* or *"Response"* to Clerk of the Superior Court, or electronically file your Answer through one of Arizona's approved electronic filing systems at http://www.azcourts.gov/efilinginformation. Mail a copy of your *"Response"* or *"Answer"* to the other party at the address listed on the top of this Summons. Note:  If you do not file electronically you will not have electronic access to the document in this case.

Arizona Supreme Court
Summons

Page 1 of 2

EFCV11f-042523

*AZturboCourt.gov Form Set #12242798*

3.  If this "Summons" and the other court papers were served on you by a registered process server or the Sheriff, within the State of Arizona, your "Response" or "Answer" must be filed within TWENTY (20) CALENDAR DAYS from the date you were served, not counting the day you were served.  If this "Summons" and the other papers were served on you by a registered process server or the Sheriff outside the State of Arizona, your Response must be filed within THIRTY (30) CALENDAR DAYS from the date you were served, not counting the day you were served. Service by a registered process server or the Sheriff is complete when made. Service by Publication is complete thirty (30) days after the date of the first publication.

4.  You can get a copy of the court papers filed in this case from the Petitioner at the address at the top of this paper, or from the Clerk of the Superior Court.

5.  Requests for reasonable accommodation for persons with disabilities must be made to the office of the judge or commissioner assigned to the case, at least ten (10) judicial days before your scheduled court date.

6.  Requests for an interpreter for persons with limited English proficiency must be made to the office of the judge or commissioner assigned to the case at least ten (10) judicial days in advance of your scheduled court date.

SIGNED AND SEALED this Date: *October 11, 2025*

*JOSEPH W. MALKA*
Clerk of Superior Court

By: *A. WINKLES*
Deputy Clerk



If you would like legal advice from a lawyer, contact Lawyer Referral Service at 602-257-4434 or https://maricopabar.org. Sponsored by the Maricopa County Bar Association.

Person Filing: Sean Woods
Address (if not protected): 5055 N. 12th St. Suite 101
City, State, Zip Code: Phoenix, AZ 85014
Telephone: (480)999-4556
Email Address: swoods@millsandwoods.com
Representing [□ ] Self or [⊠ ] Attorney for:
Lawyer's Bar Number: 028930, Issuing State: AZ

Clerk of the Superior Court
*** Electronically Filed ***
A. Winkles, Deputy
10/11/2025 5:14:20 PM
Filing ID 20742424

## SUPERIOR COURT OF ARIZONA
### IN MARICOPA COUNTY

Case Number: **CV2025-037251**

Mark Hafkey
Name of Plaintiff

**SUMMONS**

AND

William Lemon, et al.
Name of Defendant

| WARNING: This is an official document from the court that affects your rights. Read this carefully. If you do not understand it, contact a lawyer for help. |
|---|

**FROM THE STATE OF ARIZONA TO:** Ty Gray
Name of Defendant

1.  **A lawsuit has been filed against you.** A copy of the lawsuit and other court papers are served on you with this *"Summons"*.

2.  If you do not want a judgment or order taken against you without your input, you must file an *"Answer"* or a *"Response"* in writing with the court and pay the filing fee. If you do not file an *"Answer"* or *"Response"* the other party may be given the relief requested in his/her Petition or Complaint. To file your *"Answer"* or *"Response"* take, or send, the *"Answer"* or *"Response"* to Clerk of the Superior Court, or electronically file your Answer through one of Arizona's approved electronic filing systems at http://www.azcourts.gov/efilinginformation. Mail a copy of your *"Response"* or *"Answer"* to the other party at the address listed on the top of this Summons. Note: If you do not file electronically you will not have electronic access to the document in this case.

*AZturboCourt.gov Form Set #12242798*

3.      If this "Summons" and the other court papers were served on you by a registered process server or the Sheriff, within the State of Arizona, your "Response" or "Answer" must be filed within TWENTY (20) CALENDAR DAYS from the date you were served, not counting the day you were served. If this "Summons" and the other papers were served on you by a registered process server or the Sheriff outside the State of Arizona, your Response must be filed within THIRTY (30) CALENDAR DAYS from the date you were served, not counting the day you were served. Service by a registered process server or the Sheriff is complete when made. Service by Publication is complete thirty (30) days after the date of the first publication.

4.      You can get a copy of the court papers filed in this case from the Petitioner at the address at the top of this paper, or from the Clerk of the Superior Court.

5.      Requests for reasonable accommodation for persons with disabilities must be made to the office of the judge or commissioner assigned to the case, at least ten (10) judicial days before your scheduled court date.

6.      Requests for an interpreter for persons with limited English proficiency must be made to the office of the judge or commissioner assigned to the case at least ten (10) judicial days in advance of your scheduled court date.

SIGNED AND SEALED this Date: *October 11, 2025*

*JOSEPH W. MALKA*
Clerk of Superior Court

By: *A. WINKLES*
Deputy Clerk



If you would like legal advice from a lawyer, contact Lawyer Referral Service at 602-257-4434 or https://maricopabar.org. Sponsored by the Maricopa County Bar Association.

Office Distribution

# SUPERIOR COURT OF ARIZONA
# MARICOPA COUNTY

**FILED**
12/17/2025
by Superior Court Admin
on behalf of Clerk of the
Superior Court

Ct. Admin
Deputy

12/13/2025

COURT ADMINISTRATION

**Case Number:** CV2025-037251

**Mark Hafkey**

**V.**

**William Lemon**

---

The Judge assigned to this action is the Honorable Quintin Cushner

## NOTICE OF INTENT TO DISMISS FOR LACK OF SERVICE

You are hereby notified that the complaint filed on 10/11/2025 is subject to dismissal pursuant to Rule 4 (i) of the Arizona Rules of Civil Procedure. The deadline for completing service is 01/09/2026. If the time for completing service has not been extended by the court and no defendants have been served by this date, the case will be dismissed without prejudice.

All documents required to be filed with the court should be electronically filed through Arizona Turbo Court at www.azturbocourt.gov.

# Superior Court of Maricopa County - integrated Court Information System
## Endorsee Party Listing
Case Number: CV2025-037251

| Party Name | Attorney Name | |
|---|---|---|
| Mark Hafkey | Sean Woods | Bar ID: 028930 |

Clerk of the Superior Court
*** Electronically Filed ***
M. De La Cruz, Deputy
1/21/2026 11:47:05 AM
Filing ID 21318092

Robert T. Mills (Arizona Bar #018853)
Sean A. Woods (Arizona Bar #028930)
**MILLS + WOODS LAW, PLLC**
5055 North 12th Street, Suite 101
Phoenix, Arizona 85014
Telephone 480.999.4556
docket@millsandwoods.com
swoods@millsandwoods.com
*Attorneys for Plaintiff*

**IN THE SUPERIOR COURT OF THE STATE OF ARIZONA**

**IN AND FOR THE COUNTY OF MARICOPA**

| | |
|---|---|
| MARK HAFKEY, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>WILLIAM LEMON, an individual; TY E. GRAY, an individual,<br><br>Defendants. | Case No.: CV2025-037251<br><br>**PLAINTIFF'S PROOF OF SERVICE OF WILLIAM LEMON**<br><br>(Assigned to the Honorable Quintin Cushner) |

Through undersigned counsel and pursuant to Rule 4(g)(1) of the Arizona Rules of Civil Procedure, Plaintiff Mark Hafkey ("Plaintiff") hereby submits proof of service of the Summons and Complaint upon Defendant William Lemon in this action, and in support attaches as "**Exhibit 1**" hereto the Affidavit of Service establishing such service.  As shown therein, service upon Defendant Lemon was proper and effective, and was accomplished on January 9, 2026.  *See* **Ex. 1**.

In regard to Defendant Ty E. Gray, despite diligent attempts Plaintiff was not able to successfully serve him within the service period, and will shortly be filing a motion to extend the time allowed to serve him.

///

**RESPECTFULLY SUBMITTED** this 21st day of January 2026.

**MILLS + WOODS LAW, PLLC**


By  */s/ Sean A. Woods*
    Robert T. Mills
    Sean A. Woods
    5055 North 12th Street, Suite 101
    Phoenix, Arizona 85014
    *Attorneys for Plaintiff*


**ORIGINAL** filed this 21st day of January 2026
via AZTurboCourt with the Clerk of the
Maricopa County Superior Court.


    */s/ Ben Dangerfield*

# EXHIBIT 1

# SUPERIOR COURT OF ARIZONA IN MARICOPA COUNTY

**Mark Hafkey**

*Plaintiff(s) / Petitioner(s)*

v.

Case No.: CV2025-037251

**William Lemon, Ty E. Gray**

*Defendant(s) / Respondent(s)*

## AFFIDAVIT OF SERVICE

I, _Juliann James Talbot_, state:

I am 18 years or older and not a party to this action or a member of a corporation or organization that is a party to this action.

I served the following documents to William Lemon in Charleston County, SC on January 9, 2026 at 2:07 pm at 9969 Randall Rd, Mc Clellanville, SC 29458-9464 by leaving the following documents at the usual place of abode of William Lemon with Kelsey Lawson who is of suitable age and discretion and resides at the usual place of abode with William Lemon.

Summons
Certificate of Compulsory Arbitration
Verified Complaint

Additional Description:
Documents served to Kelsey Lemon
Race: White, Sex: Female, Est. Age: 25, Hair: Blonde, Glasses: N, Est. Weight: 120 lbs to 140 lbs, Est. Height: 5' 6" to 5' 9".

I DECLARE UNDER PENALTY OF PERJURY UNDER THE LAWS OF THE STATE OF ARIZONA THAT THE FACTS HEREIN ARE TRUE AND CORRECT.

Executed in _Myrtle Beach_, South Carolina,  Signature

_15th_ on _January_, 2026. Name: Juliann James Talbot

Phone: (803) 386-8559

Clerk of the Superior Court
*** Electronically Filed ***
K. Higuchi-Mason, Deputy
1/28/2026 4:20:16 PM
Filing ID 21369374

Kristin K. Mayes
Attorney General

Byron J. Babione (#024320)
Assistant Attorney General
2005 North Central Avenue
Phoenix, Arizona 85004-1592
Telephone: (602) 542-7690
Fax: (602) 542-3393
Defensephx@azag.gov
Byron.Babione@azag.gov
*Attorney for State Defendants*

**IN THE SUPERIOR COURT OF THE STATE OF ARIZONA**

**IN AND FOR THE COUNTY OF MARICOPA**

| | |
|---|---|
| Mark Hafkey, an individual,<br><br>Plaintiff,<br><br>v.<br><br>William Lemon, an individual; Ty E. Gray, an individual,<br><br>Defendants. | Case No: CV2025-037251<br><br>**STIPULATED MOTION TO EXTEND TIME TO RESPOND TO COMPLAINT**<br><br>(Assigned to Hon. Quintin Cushner) |

Defendants William Lemon and Ty Gray ("State Defendants") and Plaintiff Mark Hafkey, through undersigned counsel, stipulate and request that the Court extend the time for State Defendants to file a response to the Complaint by 30 days, up to March 2, 2026. The current deadline to file a response to the Complaint is January 29, 2026.

The following good cause exists to extend the filing deadline for State Defendants to file a response to the Complaint:

State Defendants' counsel was recently assigned to this matter and has not been able to adequately discuss the incident with State Defendants and review Plaintiff's long and detailed complaint or any evidence in connection with the lawsuit.

State Defendants need the additional time requested to adequately evaluate the defenses and to prepare an appropriate response to the claims made in the Complaint.

/ / /

/ / /

/ / /

Accordingly, State Defendants and Plaintiff request that the Court Order an extension of 30 days, up to March 2, 2026, for State Defendants to file a response to the Complaint.

DATED this <u>28th</u> day of January, 2026.

Kristin K. Mayes
Attorney General

/s/Byron J. Babione
Byron J. Babione
Assistant Attorney General
*Attorney for State Defendants*

Mills and Woods, PLLC

/s/Sean A. Woods (w/permission)
Sean A. Woods
Robert T. Mills
*Attorneys for Plaintiff*

ORIGINAL filed via AzTurboCourt
and a COPY e-served this <u>28th</u>
day of January, 2026 to:

Sean A. Woods
Robert T. Mills
Mills and Woods, PLLC
5055 N. 12th Street, Ste. 101
Phoenix, Arizona  85014
swoods@millsandwoods.com
docket@millsandwoods.com
*Attorneys for Plaintiff*

/s/Jill Lafornara

2

Granted as Submitted
***See eSignature page***

Clerk of the Superior Court
*** Electronically Filed ***
A. Hayes, Deputy
2/2/2026 8:00:00 AM
Filing ID 21385897

Kristin K. Mayes
Attorney General

Byron J. Babione (#024320)
Assistant Attorney General
2005 North Central Avenue
Phoenix, Arizona 85004-1592
Telephone: (602) 542-7690
Fax: (602) 542-3393
Defensephx@azag.gov
Byron.Babione@azag.gov
*Attorney for State Defendants*

## IN THE SUPERIOR COURT OF THE STATE OF ARIZONA

## IN AND FOR THE COUNTY OF MARICOPA

| Mark Hafkey, an individual, | Case No: CV2025-037251 |
|---|---|
| Plaintiff, | |
| v. | **ORDER** |
| William Lemon, an individual; Ty E. Gray, an individual, | (Assigned to Hon. Quintin Cushner) |
| Defendants. | |

This Court having considered the parties' Stipulated Motion to Extend Time to Respond to Complaint, and good cause appearing;

**IT IS ORDERED** granting the parties' Stipulated Motion to Extend Time to Respond to Complaint.

**IT IS FURTHER ORDERED** State Defendants shall have up to March 2, 2026 to respond to Plaintiff's Complaint.

DATED this _____ day of _____, 2026.

_____
Honorable Quintin Cushner
Maricopa County Superior Court

**eSignature Page 1 of 1**

Filing ID: 21385897   Case Number: CV2025-037251
Original Filing ID: 21369374

_____

**Granted as Submitted**



/S/ Quintin Cushner Date: 1/30/2026
_____
Judicial Officer of Superior Court

## ENDORSEMENT PAGE

CASE NUMBER: CV2025-037251                    SIGNATURE DATE: 1/30/2026

E-FILING ID #: 21385897                        FILED DATE: 2/2/2026 8:00:00 AM


BYRON J BABIONE



SEAN WOODS

Clerk of the Superior Court
*** Electronically Filed ***
M. De La Cruz, Deputy
2/4/2026 4:55:43 PM
Filing ID 21415922

Robert T. Mills (Arizona Bar #018853)
Sean A. Woods (Arizona Bar #028930)
**MILLS + WOODS LAW, PLLC**
5055 North 12th Street, Suite 101
Phoenix, Arizona 85014
Telephone 480.999.4556
docket@millsandwoods.com
swoods@millsandwoods.com
*Attorneys for Plaintiff*

# IN THE SUPERIOR COURT OF THE STATE OF ARIZONA

# IN AND FOR THE COUNTY OF MARICOPA

| | |
|---|---|
| MARK HAFKEY, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>WILLIAM LEMON, an individual; TY E. GRAY, an individual,<br><br>Defendants. | Case No.: CV2025-037251<br><br>**PLAINTIFF'S UNOPPOSED MOTION FOR EXTENSION OF TIME TO SERVE DEFENDANT TY E. GRAY**<br><br>(Assigned to the Honorable Quintin Cushner) |

Through undersigned counsel and pursuant to Rule 4(i) of the Arizona Rules of Civil Procedure, Plaintiff Mark Hafkey ("Plaintiff") hereby moves to extend the time within which Defendant Ty E. Gray ("Defendant Gray") may be served with process by an additional sixty days, or until up to and including March 10, 2026. Counsel for Defendant Gray has notified Plaintiff that he has no objection to such request. This Motion is supported by the relevant parts of the record and the Memorandum of Points and Authorities below.

///

///

///

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.    BACKGROUND

Because Plaintiff's Complaint in this action was filed on October 11, 2025, he had until up to and including January 9, 2026 within which to serve Defendants with process, *see* Ariz. R. Civ. P. 4(i).  On January 9, 2026, within that time period, Plaintiff's process server successfully served Defendant William Lemon with the Summons and Complaint. *See* Pl.'s Proof Service William Lemon, filed Jan. 21, 2026.

With regard to Defendant Gray, the other Defendant in this action, Plaintiff's process server made two attempts to serve him personally at the location Plaintiff reasonably believed to be his current address based on the results of a TLOxp Comprehensive Report.  Her first attempt was unsuccessful as no one answered the door. *See* Affidavit of Due Diligence attached as "**Exhibit 1**" hereto, at 1.

Her last attempt occurred on January 9, 2026, the last day of the service period. *Id.* On that date, she spoke with a resident, who was not Defendant Gray. *Id.*  The resident said he moved into the location in February, and he rents the home. *Id.*  Moreover, he stated he does not rent from, and does not know, Defendant Gray. *Id.*  Thus, no more attempts were made, and since that time Plaintiff has been unable to obtain a more current address for Defendant Gray.

However, because Defendant Lemon was successfully served, the Arizona Attorney General's Office is representing not only him but Defendant Gray as well, and on January 28, 2026, an Assistant Attorney General filed a Stipulated Motion to Extend Time to Respond to Complaint on behalf of *both* Defendants. Plaintiff's counsel and the Attorney

2

General's Office have also engaged in discussions about securing a waiver of service from Defendant Gray, and he has indicated he is amenable to same.

## II.   <u>LEGAL ARGUMENT</u>

Out of an abundance of caution, and to the extent that Defendant Gray's participation in the filing of the Stipulated Motion to Extend Time to Respond to Complaint does not already constitute a general appearance on his part, Plaintiff seeks a sixty-day extension of the service deadline, or until up to and including March 10, 2026, within which to serve Defendant Gray.

Under Rule 4(i), a court *must* extend the time to serve if good cause exists. *Sholem v. Gass*, 460 P.3d 273, 278, ¶ 18 (Ariz. 2020) (citing *Maher v. Urman*, 211 Ariz. 543, 547-48, ¶¶ 8, 14 (App. 2005)). "Proving good cause under Rule 4(i) requires a plaintiff to show that, under the specific facts of the case, [it] exercised reasonable diligence in trying to serve the defendant[s]." *Id.* at 281, ¶ 33 (first citing *Grobe v. McBryde*, 105 Ariz. 577, 579 (1970); and then citing *Maher*, 211 Ariz. at 548, ¶ 14). "To show reasonable diligence, a plaintiff must provide the court with a valid reason or explanation for failing to serve the defendant[s] within the allotted time period." *Id.* ¶ 34 (first citing *Snow v. Steele*, 121 Ariz. 82, 83-84 (1978); then citing *Air Power, Inc., v. Superior Court*, 142 Ariz. 492, 496 (App. 1984); and then citing *Boley v. Kaymark*, 123 F.3d 756, 758 (3rd Cir. 1997)).

Here, a valid explanation for failing to serve Defendant Gray within the allotted time period (by January 9, 2026) exists. As set forth above, Plaintiff engaged the services of a process server who made multiple attempts to serve him within that period at the location a current TLOxp Comprehensive Report listed was his most current address, but

MILLS + WOODS LAW, PLLC
5055 North 12th Street, Ste 101
Phoenix, AZ 85014
Telephone: 480.999.4556

nevertheless was unsuccessful because he apparently no longer resides there. *See* **Ex. 1**. And since that time, Plaintiff has been unable to locate a more current address.

Accordingly, because a "valid reason or explanation for failing to serve the defendant[s] within the allotted time period" exists, Plaintiff has shown "reasonable diligence," and thus has proved "good cause" under Rule 4(i). *See Sholem*, 460 P.3d at 281, ¶¶ 33-34. And because "good cause" exists, the Court must grant an extension. *See* Ariz. R. Civ. P. 4(i); *Sholem*, 460 P.3d at 278, ¶ 18.

Nevertheless, even if good cause does not exist (and it does), under Rule 4(i) the Court still has the discretion to grant an extension. *Sholem*, 460 P.3d at 278, ¶ 18 (citing *Maher*, 211 Ariz. at 547-48, ¶¶ 8, 14). "In determining whether to grant a discretionary extension, courts have considered several factors, including whether: (1) the applicable statute of limitations bars the plaintiff from re-filing the action; (2) the defendant evaded service; and (3) the defendant would be prejudiced if the court grants the extension." *Id.* at 282, ¶ 42 (first citing *Efaw v. Williams*, 473 F.3d 1038, 1041 (9th Cir. 2007); then citing *United States v. McLaughlin*, 470 F.3d 698, 701 (7th Cir. 2006); then citing *Horenkamp v. Van Winkle and Co., Inc.*, 402 F.3d 1129, 1132 (11th Cir. 2005); then citing Fed. R. Civ. P. 4, Advisory Committee Note to 1993 Amendments, Subdivision (m); and then citing *Toy v. Katz*, 192 Ariz. 73, 82 n.1 (App. 1997)).

Here, two of the above three factors strongly favor an extension. First, Plaintiff would arguably be barred from re-filing his claims against Defendant Gray pursuant to the applicable statute of limitations. An important order in one of the criminal cases central to Plaintiff's Complaint that is an essential part of his claims in this action was entered on

MILLS + WOODS LAW, PLLC
5055 North 12th Street, Ste 101
Phoenix, AZ 85014
Telephone: 480.999.4556

4

MILLS + WOODS LAW, PLLC
5055 North 12th Street, Ste 101
Phoenix, AZ 85014
Telephone: 480.999.4556

October 11, 2024. *See* Pl.'s Compl. ¶ 228. That date was more than one year ago, and the applicable limitations period for claims against public employees is only one year. *See* A.R.S. § 12-821. Accordingly, should the Court decline to extend the service period, Plaintiff will arguably be left without any recourse or relief from Defendant Gray's wrongdoing.

Second, there will certainly be no prejudice to Defendant Gray from a sixty-day extension of the service deadline. He apparently is ready and able to participate in this action, as he already has notice of the lawsuit, is represented by an attorney, and has filed a Stipulated Motion to extend his response deadline. His attorney has stated that he has no objection to this extension request. All that remains is formal compliance with Rule 4, which will presumably be via waiver. If not a mandatory extension, the Court should nevertheless exercise its considerable discretion to extend the service deadline by until up to and including March 10, 2026.

## III.    CONCLUSION

For all the foregoing reasons, and in the event and to the extent that formal service is still required, given he has already filed a motion seeking relief in this action, Plaintiff respectfully moves for an extension of the deadline to serve Defendant Gray by sixty days, or until up to and including March 10, 2026.

///

///

///

///

5

RESPECTFULLY SUBMITTED this 4th day of February 2026.

**MILLS + WOODS LAW, PLLC**


By_____*/s/ Sean A. Woods*_____
      Robert T. Mills
      Sean A. Woods
      5055 North 12th Street, Suite 101
      Phoenix, Arizona 85014
      *Attorneys for Plaintiff*


**ORIGINAL** filed this 4th day of February 2026
via AZTurboCourt with the Clerk of the
Maricopa County Superior Court.

**COPY** served this 4th day of February 2026
via AZTurboCourt, in accordance with
Ariz. R. Civ. P. 5(c)(2)(E), to:

Byron J. Babione
byron.babione@azag.gov
defensephx@azag.gov
Assistant Attorney General
2005 N Central Ave.
Phoenix, AZ 85004-1592
(602) 542-7690
*Attorney for Defendants*


_____*/s/ Ben Dangerfield*_____

6

# EXHIBIT 1

SUPERIOR COURT OF ARIZONA IN MARICOPA COUNTY

**Mark Hafkey**

*Plaintiff(s) / Petitioner(s)*

v.                                                          Case No.: CV2025-037251

**William Lemon, et al.**

*Defendant(s) / Respondent(s)*

## <u>AFFIDAVIT OF DUE DILIGENCE</u>

I, Yvette Owens, state:

I am 18 years or older and not a party to this action or a member of a corporation or organization that is a party to this action.

After careful inquiry and diligent attempts, I was unable to serve Ty E. Gray as I could not find the subject or information as to the location of the subject's whereabouts.

Serve Attempt #1
Date / Time: January 8, 2026 3:27 pm
Address: 14619 N 40th Way, Phoenix, AZ 85032-4863
Photo: See Exhibit 1a below
Geolocation: https://google.com/maps?q=33.6196472403,-111.9943666366
Description of attempt: No contact was made at the service address. Observed that there were no vehicles at the location. No additional contacts were made. As I knocked on door, there was a light on in a side window room and as I knocked on the door someone turned the light off.

Serve Attempt #2
Date / Time: January 9, 2026 7:11 am
Address: 14619 N 40th Way, Phoenix, AZ 85032-4863
Photo: See Exhibit 2a below
Geolocation: https://google.com/maps?q=33.6196527139,-111.99431039
Description of attempt: I spoke with a resident at the location. They stated that they do not know the subject. Observed that there were no vehicles at the location. Per Antonio he rents the home. He moved in February 2025. His landlord is not TY Gray.

Total Cost: $225.00

I DECLARE UNDER PENALTY OF PERJURY UNDER THE LAWS OF THE STATE OF ARIZONA
THAT THE FACTS HEREIN ARE TRUE AND CORRECT.


Executed in

___Maricopa County_____,

___AZ_____ on ___1/27/2026_____.

/s/ *Yvette Owens*
_____

Signature
Yvette Owens
+1 (602) 465-6931



Exhibit 1a)



Exhibit 2a)

Clerk of the Superior Court
*** Electronically Filed ***
K. Higuchi-Mason, Deputy
3/2/2026 8:43:13 AM
Filing ID 21565471

Kristin K. Mayes
Attorney General

Byron J. Babione (#024320)
Kate Weeks (#039860)
Assistant Attorneys General
2005 North Central Avenue
Phoenix, Arizona 85004-1592
Telephone:   (602) 542-7690 (BB)
             (602) 542-8622 (KW)
Fax: (602) 542-3393
Defensephx@azag.gov
Byron.Babione@azag.gov
Kate.Weeks@azag.gov
*Attorneys for State Defendants*

## IN THE SUPERIOR COURT OF THE STATE OF ARIZONA

## IN AND FOR THE COUNTY OF MARICOPA

| | |
|---|---|
| Mark Hafkey, an individual,<br><br>Plaintiff,<br><br>v.<br><br>William Lemon, an individual; Ty E. Gray, an individual,<br><br>Defendants. | Case No: CV2025-037251<br><br>**ACCEPTANCE OF SERVICE FOR DEFENDANT TY GRAY**<br><br>(Assigned to Hon. Quintin Cushner) |

The undersigned, counsel for Defendants, states as follows:

1.    I am an attorney licensed to do business in the State of Arizona.

2.    I represent Defendant Ty Gray in this matter, and I am authorized to and do accept service of the Summons and Complaint on his behalf to eliminate the need for personal service.

3.    By accepting service, I am not waiving applicable time limitations with regard to filing an answer or motion in response to the Complaint herein.

DATED this 27th day of February, 2026.

Kristin K. Mayes
Attorney General

/s/Byron J. Babione
Byron J. Babione
Kate Weeks
Assistant Attorneys General
*Attorneys for State Defendants*

ORIGINAL filed via AzTurboCourt
and a COPY e-served this 2nd
day of March, 2026 to:

Sean A. Woods
Robert T. Mills
Mills and Woods, PLLC
5055 N. 12th Street, Ste. 101
Phoenix, Arizona  85014
swoods@millsandwoods.com
docket@millsandwoods.com
*Attorneys for Plaintiff*


/s/Jill Lafornara

2

Clerk of the Superior Court
*** Electronically Filed ***
L. Martinez, Deputy
3/2/2026 8:49:08 AM
Filing ID 21565506

Kristin K. Mayes
Attorney General

Byron J. Babione (#024320)
Kate Weeks (#039860)
Assistant Attorneys General
2005 North Central Avenue
Phoenix, Arizona 85004-1592
Telephone:    (602) 542-7690 (BB)
                    (602) 542-8622 (KW)
Fax: (602) 542-3393
Defensephx@azag.gov
Byron.Babione@azag.gov
Kate.Weeks@azag.gov
*Attorneys for State Defendants*

**IN THE SUPERIOR COURT OF THE STATE OF ARIZONA**

**IN AND FOR THE COUNTY OF MARICOPA**

| | |
|---|---|
| Mark Hafkey, an individual,<br><br>Plaintiff,<br><br>v.<br><br>William Lemon, an individual; Ty E. Gray, an individual,<br><br>Defendants. | Case No: CV2025-037251<br><br>**SECOND STIPULATED MOTION TO EXTEND TIME TO RESPOND TO COMPLAINT**<br><br>(Assigned to Hon. Quintin Cushner) |

Defendants William Lemon and Ty Gray (State Defendants) and Plaintiff Mark Hafkey, through undersigned counsel, stipulate and request that the Court set the time for State Defendants, Lemon and Gray, to file a response to the Complaint up to April 10, 2026. The current deadline for State Defendant Lemon to file a response to the Complaint is March 2, 2026. There has been no deadline for Gray to respond for he has not been served.

The following good cause exists to set a mutual filing deadline for both State Defendants to file a response to the Complaint:

1.     To save time, money and mitigate delay, Defendant Gray agreed to accept service through his undersigned attorneys in lieu of Plaintiff serving process.

2.     The acceptance of service was executed February 27, 2026 and will be filed today, March 2, 2026.

3.   To conserve judicial resources and simplify the responsive process, the parties agree that both State Defendants should file a responsive pleading or Rule 12 motion by April 10, 2026.

4.   State Defendants Lemon and Gray no longer work for the State of Arizona and live outside the State of Arizona.

5.   Related to and in some respects may be relevant to this civil action are certain aspects of three criminal court proceedings (two in the Williams Justice Court and one in the Desert Ridge Justice Court).  Additionally, a related Game and Fish administrative proceeding is currently on appeal in the Maricopa County Superior Court.

6.   Accordingly, additional time is appropriate due to the need to collect and review Game and Fish agency materials and related materials outside the agency and because of some early challenges to communicating with State Defendants who are no longer employed by the State and live outside of it.

Accordingly, State Defendants and Plaintiff request that the Court Order that the Complaint response deadline for filing be set for up to April 10, 2026, so that both State Defendants file a single response to the Complaint.

DATED this 2nd day of March, 2026.

Kristin K. Mayes
Attorney General

/s/Byron J. Babione
Byron J. Babione
Kate Weeks
Assistant Attorneys General
*Attorneys for State Defendants*

Mills and Woods, PLLC

/s/Sean A. Woods (w/permission)
Sean A. Woods
Robert T. Mills
*Attorneys for Plaintiff*

2

ORIGINAL filed via AzTurboCourt
and a COPY e-served this 2nd
day of March, 2026 to:

Sean A. Woods
Robert T. Mills
Mills and Woods, PLLC
5055 N. 12th Street, Ste. 101
Phoenix, Arizona  85014
swoods@millsandwoods.com
docket@millsandwoods.com
*Attorneys for Plaintiff*


/s/Jill Lafornara

3

Granted as Submitted
***See eSignature page***

Clerk of the Superior Court
*** Electronically Filed ***
Z. Wilhelm, Deputy
3/4/2026 8:00:00 AM
Filing ID 21577221

Kristin K. Mayes
Attorney General

Byron J. Babione (#024320)
Kate Weeks (#039860)
Assistant Attorneys General
2005 North Central Avenue
Phoenix, Arizona 85004-1592
Telephone:    (602) 542-7690 (BB)
                      (602) 542-8622 (KW)
Fax: (602) 542-3393
Defensephx@azag.gov
Byron.Babione@azag.gov
Kate.Weeks@azag.gov
*Attorneys for State Defendants*

## IN THE SUPERIOR COURT OF THE STATE OF ARIZONA

## IN AND FOR THE COUNTY OF MARICOPA

| Mark Hafkey, an individual, | Case No: CV2025-037251 |
|---|---|
| Plaintiff, | |
| v. | **ORDER** |
| William Lemon, an individual; Ty E. Gray, an individual, | (Assigned to Hon. Quintin Cushner) |
| Defendants. | |

This Court having considered the parties' Second Stipulated Motion to Extend Time to Respond to Complaint, and good cause appearing;

**IT IS ORDERED** granting the parties' Second Stipulated Motion to Extend Time to Respond to Plaintiff's Complaint.

**IT IS FURTHER ORDERED** State Defendants shall have up to April 10, 2026 to respond to Plaintiff's Complaint.

DATED this _____ day of _____, 2026.

_____
Honorable Quintin Cushner
Maricopa County Superior Court

**eSignature Page 1 of 1**

Filing ID: 21577221   Case Number: CV2025-037251
Original Filing ID: 21565506

_____

**Granted as Submitted**



/S/ Quintin Cushner Date: 3/3/2026
_____
Judicial Officer of Superior Court

## ENDORSEMENT PAGE

CASE NUMBER: CV2025-037251

E-FILING ID #: 21577221

SIGNATURE DATE: 3/3/2026

FILED DATE: 3/4/2026 8:00:00 AM

BYRON J BABIONE

SEAN WOODS

Clerk of the Superior Court
*** Electronically Filed ***
03/05/2026 8:00 AM

SUPERIOR COURT OF ARIZONA
MARICOPA COUNTY

CV 2025-037251                                                03/03/2026


HONORABLE QUINTIN CUSHNER

CLERK OF THE COURT
Z. Wilhelm/C. Ladden
Deputy


MARK HAFKEY                                 SEAN WOODS

v.

WILLIAM LEMON, et al.                       BYRON J BABIONE



                                            JUDGE Q CUSHNER



MINUTE ENTRY

The Court having received *Plaintiff's Unopposed Motion for Extension of Time to Serve Defendant Ty E. Gray*, filed on February 4, 2026.

**IT IS ORDERED** deeming Plaintiff's Unopposed Motion for Extension of Time to Serve Defendant Ty E. Gray as moot as Acceptance of Service was filed on March 2, 2026.


Docket Code 019                    Form V000A                    Page 1