Kristin K. Mayes
Attorney General

Byron J. Babione (#024320)
Kate Weeks (#039860)
Assistant Attorneys General
2005 North Central Avenue
Phoenix, Arizona 85004-1592
Telephone:   (602) 542-7690 (BB)
                     (602) 542-8622 (KW)
Fax: (602) 542-3393
Defensephx@azag.gov
Byron.Babione@azag.gov
Kate.Weeks@azag.gov

*Attorneys for State Defendants*

## UNITED STATES FEDERAL DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Mark Hafkey, an individual,<br><br>                    Plaintiff,<br><br>v.<br><br>William Lemon, an individual; Ty E. Gray, an individual,<br><br>                    Defendants. | Case No: 2:26-cv-02135-KML-CDB<br><br>**STATE DEFENDANTS' MOTION TO DISMISS**<br><br>(Assigned to Honorable Krissa M Lanham) |

Defendants William Lemon and Ty E. Gray ("State Defendants"), through undersigned counsel, hereby move the Court to dismiss Mark Hafkey's ("Plaintiff") Complaint for failure to state a claim upon which relief may be granted. State Defendants' Motion to Dismiss is supported by the following Memorandum of Points and Authorities and attached exhibits, court records, and any other matters of which the Court may judicially notice.[1]

---

[1]    Courts may judicially notice other courts' records in a Motion to Dismiss. *Duncan v. Progressive Preferred Ins. Co. ex rel. Estate of Pop*, 228 Ariz. 3, 8, ¶ 17 (App. 2011); *Lee v. City of Los Angeles*, 250 F.3d 668, 690 (9th Cir. 2001).

### MEMORANDUM OF POINTS AND AUTHORITIES

**I.      BACKGROUND**

In December 2021, Defendant Lemon, an Officer for the Arizona Game and Fish Department ("AZGFD"), arrived at a Coconino County hunting area to settle a dispute between several hunters. (Doc. 1-1 ¶¶ 10, 12-20). One hunter accused Plaintiff of wrongfully traveling off-road while hunting, leading Defendant Lemon to question Plaintiff before eventually searching and arresting him. (Doc. 1-1 ¶¶ 22-26). While investigating Plaintiff, Defendant Lemon learned Plaintiff was hunting on a lifetime Arizona hunting license despite being a California resident. (Doc. 1-1 ¶¶ 31, 76, 289). After several hours, Defendant Lemon issued Plaintiff two citations for prohibited cross-country vehicle travel and taking of wildlife. (Doc. 1-1 ¶ 70). Plaintiff later received a summons from the Williams Justice Court, including both citations ("First Williams Case"). *See State v. Hafkey,* No. J-0302-CM-2021000233 (Ariz. Justice Ct., Maricopa Cnty., Williams, Jan. 19, 2023). (Doc. 1-1 ¶¶ 81-83). The Williams Justice Court found Plaintiff guilty of both charges in 2023, and later that year, the Coconino Superior Court affirmed the decision. *Id.* (Doc. 1-1 ¶¶ 148-51).

In December 2022, the Maricopa County Attorney's Office charged Plaintiff with five new charges in Williams Justice Court: use of a lifetime license by misrepresentation, taking an elk with an invalid license, using a tag obtained by misrepresentation, taking an elk with an invalid tag, and possession and unlawfully taking an elk ("Second Williams Case"). *See State v. Hafkey,* No. J-0302-CM-2022000167 (Ariz. Justice Ct., Maricopa Cnty., Williams, Jan. 14, 2024). (Doc. 1-1 ¶¶ 158-59). In October 2024, Plaintiff pled guilty to unlawfully taking an elk, pursuant to *North Carolina v. Alford*, 400 U.S. 25 (1970), in exchange for dismissal of the remaining charges. (Doc. 1-1 ¶¶ 227, 228, 280) (See **Exhibit 1**).

In December 2022, Plaintiff was charged in Desert Ridge Justice Court with one count of obtaining a lifetime license by misrepresentation and eight counts of fraudulently applying for a resident elk permit ("The Desert Ridge Case"). *See State v. Hafkey,* No.

JC2022-145163-JC2022-145171 (Ariz. Justice Ct., Maricopa Cnty., Desert Ridge, Nov. 11, 2023). (Doc. 1-1 ¶¶ 158, 160). Plaintiff accepted a diversion plea in the Desert Ridge Case in exchange for a full dismissal of all nine charges. (Doc. 1-1 ¶¶ 220, 221, 251). In January 2025, AZGFD issued a notice of hearing to Plaintiff regarding the revocation of his hunting licenses and issuance of a civil penalty. (Doc. 1-1 ¶ 235). After the initial hearing, AZGFD issued an order revoking his license, and Plaintiff requested a rehearing. (Doc. 1-1 ¶¶ 240, 241). AZGFD held a rehearing and affirmed its initial findings, revoking Plaintiff's license and levying a fine of approximately $10,000. (Doc. 1-1 ¶¶ 263-64). These findings are currently pending appeal in the Maricopa County Superior Court. *See Hafkey v. Arizona Game and Fish Dep't*, No. LC2025-000319 (Ariz. Super. Ct., Maricopa Cnty., Sept. 11, 2025) (Docket Entry No. 2). (Doc. 1-1 ¶ 265). Plaintiff now brings this action under 42 U.S.C. § 1983 against State Defendants, alleging malicious prosecution and a violation of Due Process arising out of the criminal and administrative proceedings. (Doc. 1-1 ¶¶ 269-93).

## II.    LEGAL STANDARD FOR DISMISSAL

Under Federal Rule of Civil Procedure ("Rule") 8, a pleading must contain "[a] short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Dismissal is proper under Rule 12(b)(6) when a plaintiff can prove no set of facts entitling him to relief. *Hurlic v. S. Cal. Gas Co.*, 539 F.3d 1024, 1028 (9th Cir. 2008). When deciding a motion to dismiss, courts limit review to "the pleadings, exhibits attached to the complaint, and matters properly subject to judicial notice." *Swartz v. KPMG LLP*, 476 F.3d 756, 763 (9th Cir. 2007). When examining the sufficiency of a complaint, courts must accept the factual allegations as true but are "not bound to accept as true a legal conclusion couched as a factual allegation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Dismissal of a § 1983 action for malicious prosecution is proper when, as a matter of law, the plaintiff's claims would render his conviction or sentence invalid, or he fails to allege a previous proceeding ending in a favorable termination. *Heck v. Humphrey*, 512 U.S. 477, 484 (1994).

3

## III.      ARGUMENT

An essential element of a § 1983 malicious prosecution claim is an underlying criminal prosecution terminating in favor of the plaintiff. *Guerrero v. Gates¸* 442 F.3d 697, 704 (9th Cir. 2006); *see Cullison v. City of Peoria*, 120 Ariz. 165, 169 (1978) (A favorable termination is a necessary element under Arizona law for the common-law tort of malicious prosecution.); *Awabdy v. City of Adelanto*, 368 F.3d 1062, 1066 (9th Cir. 2004) (Federal courts apply state law regarding malicious prosecution to § 1983 claims.). By the same token, under *Heck*, a plaintiff seeking § 1983 damages for conviction-related harm must show the underlying case terminated favorably or was otherwise invalidated. 512 U.S. at 486-87. Because some § 1983 claims would survive the *Heck*-bar but fail under the common-law doctrine of malicious prosecution, each must be analyzed. *See Roberts v. City of Fairbanks*, 947 F.3d 1191, 1201-02 (9th Cir. 2020) (The meaning of favorable termination under *Heck* and the common-law tort differ.).

### a.  The Statute of Limitations for § 1983 Claims Bars Claims Arising from the First Williams Case.

"Section 1983 does not contain its own statute of limitations." *Flynt v. Shimazu*, 940 F.3d 457, 461 (9th Cir. 2019) (citations omitted). Instead, federal courts apply state statutes of limitations for personal injury actions in § 1983 suits. *See Nance v. Ward*, 597 U.S. 159, 174 (2022) (All § 1983 actions must be brought within a state's statute of limitation for personal injury.). In Arizona, the applicable statute, A.R.S. § 12-542(1), sets the statute of limitation at two years. *Madden-Tyler v. Maricopa Cnty.*, 189 Ariz. 462, 466 (App. 1997). The Superior Court affirmed the First Williams Case in August 2023, and this case was instituted in October, 2025. (Doc. 1-1 ¶ 151). Thus, Plaintiff is barred from bringing a malicious prosecution claim based on that proceeding, and to the extent a § 1983 action exists for a Fifth Amendment Right Against Self Incrimination violation, he may not use the First Williams Case to support his claims. *McDonough v. Smith*, 588 U.S. 109, 119-120 (2019) (A malicious prosecution claim begins to accrue when the underlying prosecution terminates or is invalidated.); *Vega v. Tekoh*, 597 U.S. 134,

150-151 (2022) (Expressing doubt that a right exists under § 1983 for Fifth Amendment violations.).

### a. Younger Abstention Bars Plaintiff's Claims in Connection with the Ongoing Administrative Review.

Under *Younger v. Harris*, the Court must abstain from considering the administrative enforcement action (*Hafkey v. Arizona Game and Fish Dep't,* No. LC2025-0003190) as a basis for Plaintiff's malicious prosecution and due process claims. 401 U.S. 37, 41 (1971). In *Younger*, the Supreme Court ruled that federal courts must abstain from interfering with ongoing state criminal proceedings because of the national policy forbidding federal courts from staying or enjoining pending state court proceedings, except under special circumstances. *Id.* The Court expanded *Younger* to require abstention in § 1983 claims that could interfere with a state administrative proceeding vindicating important state interests where the federal plaintiff has an opportunity to litigate constitutional claims. *Ohio C.R. Comm'n v. Dayton Christian Schs., Inc.*, 477 U.S. 619, 627 (1986). A plaintiff has that opportunity so long as he can raise constitutional claims in a state-court judicial review of the administrative proceeding. *Id.* at 629. Even if the plaintiff could not raise constitutional claims directly before the agency, the plaintiff's "ability to raise the claims via state judicial review of the administrative proceedings suffices." *Id.* Thus, the critical question for *Younger* abstention here is whether Plaintiff had adequate opportunity to raise constitutional claims through state judicial review of the administrative proceedings. *See Stockton v. Brown*, 152 F.4th 1124, 1137-1138 (9th Cir. 2025).

The Ninth Circuit requires abstention when three elements are met: (1) ongoing state judicial proceedings, (2) implicating important state interests, and (3) with adequate opportunity to raise federal questions. *Kenneally v. Lungren*, 967 F.2d 329, 331 (9th Cir. 1992). Here, the AZGFD license-revocation proceeding is pending appeal in the Superior Court. That proceeding implicates Arizona's important interests in enforcing hunting rules

and regulations. *See Hafkey v. Arizona Game and Fish Dep't*, No. LC2025-000319 (Ariz. Super. Ct., Maricopa Cnty., Sept. 11, 2025).

Arizona administrative agencies "may apply constitutional doctrines when resolving claims." *Mills v. Ariz. Bd. of Tech. Registration*, 253 Ariz. 415, 422 (2022). Additionally, under A.R.S. § 41-1092.08(H), parties may seek judicial review in Superior Court of final administrative decisions. The Superior Court "shall decide all questions of law, including the interpretation of a constitutional or statutory provision or a rule adopted by an agency, without deference to any previous determination that may have been made on the question by the agency." A.R.S. § 12-910 (F).

All three elements requiring abstention are present.  Accordingly, abstention in this lawsuit is appropriate.

### b.  Plaintiff's Claims Are Barred Under *Heck*.

The *Heck*-bar applies to § 1983 claims seeking damages for an unconstitutional conviction or sentence. 512 U.S. at 486-87. If judgment in favor of the plaintiff in a federal district court would not signal a deficiency in the underlying state court conviction, the case may proceed. *Id.* Dismissal is required where a judgment in the plaintiff's favor would necessarily invalidate his underlying conviction, unless that conviction has already been invalidated. *Id.* Underlying convictions are invalid in four circumstances: when reversed on direct appeal, when expunged by executive order, when declared invalid by an authorized state tribunal, or when called into question by a writ of habeas corpus. *Id.*

Here, except for the Desert Ridge Case, *Heck* bars claims stemming from the other two underlying criminal cases. In the First Williams Case, the Justice Court found Plaintiff guilty of prohibited cross-country driving and shooting wildlife from a vehicle. (Doc. 1-1 ¶¶ 82, 148). The Coconino Superior Court affirmed both counts, and Plaintiff made no further appeal. (Doc. 1-1 ¶¶ 149-51). *Heck* undoubtedly bars underlying claims terminating in a guilty verdict. *Heck*, 512 U.S. at 486-87. In 2024, Plaintiff entered a guilty plea to one count of unlawfully taking or possessing an elk in the Second Williams Case. (Doc. 1-1 ¶¶ 159, 227, 228). While Plaintiff claims his only "'guilty' conviction was

pursuant to an *Alford* plea," *Heck* nonetheless bars otherwise-valid convictions based on *Alford* pleas. *See Smithart v. Towery*, 79 F.3d 951, 952-53 (9th Cir. 1996). Finally, the AZGFD proceeding ended with the revocation of Plaintiff's license and the issuance of a nearly $10,000 civil fine. (Doc. 1-1 ¶¶ 235, 263, 264). The Complaint contends that AZGFD's decision rested on a flawed factual basis, but this argument merely reinforces the applicability of *Heck* because it challenges the validity of the decision without seeking to overturn it through any of the four permitted avenues. *See Heck*, 512 U.S. at 486. To the extent Plaintiff's §1983 claim is based on the administrative proceedings, it is not ripe under *Heck* unless, and until, Plaintiff should finally prevail on appeal. The other two convictions have likewise not been invalidated as required by *Heck*, and thus, none of these prosecutions may form the basis for a § 1983 malicious prosecution claim. (Doc. 1-1 ¶¶ 148-51, 227, 228, 280).

### c. Plaintiff Cannot Prove A Favorable Termination in Any Underlying Case.

Even if a § 1983 claim for malicious prosecution survives the *Heck*-bar, the plaintiff must prove that the underlying conviction resulted in a "favorable termination" under state common law. *See Awabdy*, 368 F.3d at 1066. To prove malicious prosecution under Arizona law, a plaintiff must prove "1) a criminal prosecution, 2) that terminates in favor of plaintiff, 3) with defendants as prosecutors, 4) actuated by malice, 5) without probable cause and 6) causing damages." *Cullison*, 120 Ariz. at 169. In *Thompson v. Clark*, the Supreme Court clarified that for § 1983 malicious prosecution claims, a plaintiff does not need to prove dismissals resulted from an "affirmative indication of innocence," and instead must show only that the "prosecution ended without a conviction." 596 U.S. 36, 48-49 (2022). In Plaintiff's three underlying cases discussed *supra*, the prosecution undoubtedly ended with a conviction. *See Smithart*, 79 F.3d at 952-53 (*Alford* pleas are unfavorable terminations.); *Kercheval v. United States*, 274 U.S. 220, 223 (1927) (A plea of guilty is a conclusive conviction.); *State v. Zunino*, 133 Ariz. 117, 118 (App. 1982) (An *Alford* plea is a guilty plea waiving all nonjurisdictional

defenses.); *Awabdy*, 368 F.3d at 1066 (A favorable determination cannot be based on the charges dismissed after a plea.); *Frey v. Stoneman*, 150 Ariz. 106, 110 (1986) (Actions pending appeal are not proper for malicious prosecution claims.). (Doc. 1-1 ¶¶ 82, 148, 159, 227, 228, 235, 263, 264).

As to the Desert Ridge Case, Plaintiff admits the State dismissed the charges pursuant to a deferred prosecution agreement, also known as a diversion plea. (Doc. 1-1 ¶¶ 220, 251). While the diversion plea resulted in a dismissal of all charges, it is distinguishable from *Thompson*'s rule that a favorable termination requires no "affirmative indication of innocence." 596 U.S. at 49. (Doc. 1-1 ¶¶ 220, 251). Here, Plaintiff agreed to a diversion program, which required acknowledgment of responsibility for the crime charged. Maricopa Cnty. Att'y Off., *Prosecution Policies and Procedures*, 1, (Sept. 29, 2021) https://maricopacountyattorney.org/DocumentCenter/View/1818/MCAO-Diversion-Policies-and-Procedures-175. Not requiring an affirmative indication of innocence following a dismissal is easily distinguishable from dismissal following an outright acknowledgment of culpability. Moreover, in the Second Williams Case, he pled guilty to the illegal taking or possession of wildlife, a charge based on a fraudulently obtained license. (Doc. 1-1 ¶ 225). The charges in the Desert Ridge Case arise from the same fraudulently obtained hunting license underlying the charges in the Second Williams Case, to which he pled guilty. (Doc. 1-1 ¶¶ 215, 217, 225-27).

Not only does a common-sense reading of *Thompson* mandate such a result, but public policy also favors it. The favorable termination requirement "precludes inconsistent civil and criminal judgments where a claimant could succeed in the tort action after having been convicted in the criminal case." Such a risk is posed here, where Plaintiff would be allowed to bring a case against the government after having admitted culpability for the underlying charge. Maricopa Cnty. Att'y Off., *Prosecution Policies and Procedures*, 1, (Sept. 29, 2021) https://maricopacountyattorney.org/DocumentCenter/View/1818/MCAO-Diversion-Poli

8

cies-and-Procedures-175). Allowing malicious prosecution claims based on cases dismissed through diversion agreements would risk chilling prosecutors' willingness to use those programs, out of fear of liability. And mandating that participants in those programs admit responsibility clearly shows the prosecution's intent to avoid such an outcome, as opposed to the dismissals described in *Thompson*, in which intent cannot easily be surmised. *See Thompson*, 596 U.S. at 39-42, 48-49.

### d. The Claims Underlying This Case Are Supported by Probable Cause as a Matter of Law Warranting Dismissal.

Regardless of whether Plaintiff could prove an underlying favorable termination, as a matter of law, he cannot show the lack of probable cause to support the underlying prosecutions, necessitating dismissal. *See Cullison*, 120 Ariz. at 170 (Whether given facts constitute probable cause is a question of law for the court.); *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988) (Failure to state sufficient facts to allege a cognizable legal theory may result in dismissal.); *El-Shaddai v. Zamora*, 833 F.3d 1036, 1044 (9th Cir. 2016) (When a defense is apparent on the face of the complaint dismissal is proper.). Under federal and Arizona law, probable cause is a complete and absolute defense to a suit for malicious prosecution. *Overson v. Lynch*, 83 Ariz. 158, 161 (1957); *Freeman v. City of Santa Ana*, 68 F.3d 1180, 1189 (9th Cir. 1995).

The guilty finding in the First Williams Case establishes, as a matter of law, that probable cause existed. (Doc. 1-1 ¶¶ 82, 148, 151). *See State v. Agnew*, 132 Ariz. 567, 573 (App. 1982) (Probable cause issues at charging are moot when defendant is found guilty at trial.). That case was based upon the Plaintiff's unlawful taking of an elk due to his cross-country driving. (Doc. 1-1 ¶ 82). Plaintiff's *Alford* plea in the Second Williams Case also establishes probable cause, both as a matter of law and because the plea agreement signed by Plaintiff contained an admission of responsibility. *See State v. Quick*, 177 Ariz. 314, 316 (App. 1993) (The factual basis established at the plea hearing establishes probable cause.); *Bostick v. Craven*, 429 F.2d 23, 24 (9th Cir. 1970) (A defendant's guilty plea bars claims based on lack of probable cause at charging.). In the

Second Williams Case, Plaintiff pled guilty to unlawfully taking or possessing wildlife in violation of A.R.S. § 17-309(A). (Doc. 1-1 ¶¶ 158, 225, **Exhibit 1**). The basis for the charge to which he pled was his fraudulently obtained license, as Plaintiff admits in the Complaint. (Doc. 1-1 ¶ 225). Plaintiff's guilty plea to unlawfully taking an elk (A.R.S. § 17-309(A)), combined with his signed plea agreement acknowledging a factual basis, and admitting that the charge stemmed from a fraudulently obtained license, establishes probable cause for each of the dismissed charges in the Second Williams Case: obtaining a lifetime license by misrepresentation (A.R.S. § 17-341(A)), taking an elk with an invalid license (A.R.S. § 17-331(A)), using a tag obtained by misrepresentation (A.R.S. § 17-341(A)), and possession of an unlawfully taken elk (R12-4-302A). *See Chiaverini v. City of Napoleon, Ohio*, 602 U.S. 556, 562 (2024) (When the underlying prosecution prevailed on one count, a malicious prosecution claim must prove the other charges were invalid as lacking probable cause.). (Doc. 1-1 ¶¶ 158, 225). Maricopa Cnty. Att'y Off., *Prosecution Policies and Procedures*, 1, (Sept. 29, 2021) https://maricopacountyattorney.org/DocumentCenter/View/1818/MCAO-Diversion-Policies-and-Procedures-175.

The same factual basis that Plaintiff's license was obtained through fraud underlies the Desert Ridge charges, and establishes probable cause for those charges. (Doc. 1-1 ¶¶ 154, 159, 225, 217). To participate in a Justice Court diversion program, Maricopa County requires defendants to admit responsibility for the offenses charged, in this case, applying for a yearly resident elk permit by fraud and obtaining a license by misrepresentation. Maricopa Cnty. Att'y Off., *Prosecution Policies and Procedures*, 1, (Sept. 29, 2021) https://maricopacountyattorney.org/DocumentCenter/View/1818/MCAO-Diversion-Policies-and-Procedures-175. The diversion agreement in the Desert Ridge case and the guilty plea in the Second Williams case mark two occasions on which Plaintiff has acknowledged responsibility for charges arising from a fraudulently obtained license. This fact alone should foreclose Plaintiff's contention that State Defendants lacked

10

probable cause. Plaintiff's willingness to accept a diversion plea, and to subject himself to its conditions, is itself an acknowledgment that the State's case had sufficient strength to make acceptance advantageous. Such actions are fundamentally inconsistent with his current position that probable cause was absent, for if it truly were, no rational basis would have existed to accept responsibility and submit to the burdens of a diversion program. State Defendants, however, acknowledged no deficiencies in their case by agreeing to the program. Diversion programs are offered "to educate offenders and ultimately remove them from the criminal justice system." Maricopa Cnty. Att'y Off., *Prosecution Policies and Procedures*, 1, (Sept. 29, 2021) https://maricopacountyattorney.org/DocumentCenter/View/1818/MCAO-Diversion-Policies-and-Procedures-175.  This purpose is consistent with State Defendants' position that probable cause supported all the underlying charges.

Further, the Complaint itself acknowledges that Plaintiff used an Arizona post office box as his mailing address, which was not in his name; that Plaintiff has a principal residence in California; that Defendant Lemon obtained a notarized document placing Plaintiff in California in 2012; and that Plaintiff built another house in California in 2012. (Doc. 1-1 ¶¶197-209). While Plaintiff offers numerous arguments for why such evidence does not amount to conclusive proof that Plaintiff's bona fide residence was not in Arizona, State Defendants are under no burden in this case to prove that fact. *In re Estate of Shumway*, 198 Ariz. 323, 329 (2000) ("[T]he definition of probable cause does not require certainty of success."). The probable cause element of a malicious prosecution claim is not an avenue for relitigating the issues in an underlying case, and therefore, State Defendants are under no obligation to re-prove Plaintiff's guilt. *See Cullison*, 120 Ariz. at 168. So long as the evidence amounts to a reasonable suspicion that Plaintiff's license may have been obtained in fraud, State Defendants cannot be liable in a malicious prosecution claim. *Gonzales v. City of Phoenix*, 203 Ariz. 152, 156, ¶ 15 (2002) (Probable cause in a malicious prosecution proceeding is whether a reasonably prudent person would have instituted or continued the proceeding.). "Probable cause 'is not a high bar.'" *District*

*of Columbia v. Wesby*, 583 U.S. 48, 57 (2018), *quoting Kaley v. United States*, 571 U.S. 320, 338 (2014). By the admissions in his diversion agreement and Complaint, Plaintiff himself has proven as a matter of law that probable cause existed, necessitating the dismissal of this action.

Finally, even if probable cause were questionable, if "reasonable officers could disagree as to the legality of the charges, State Defendants are protected by qualified immunity. *See Rosenbaum v. Washoe Cnty.*, 663 F.3d 1071, 1076 (9th Cir. 2011). Plaintiff alleges nothing to suggest that reasonably competent officers would all agree that probable cause did not exist. Even if some might conclude that probable cause did not exist, in light of the facts known to the State Defendants at the time each of the charges was brought, others could certainly find probable cause. Plaintiff's can cite no clearly established law on para with the facts here that would have warned Lemon he had no probable cause. *Taylor v. Barkes*, 575 U.S. 822, 825 (2015) (Law is clearly established for qualified immunity analysis if every reasonable official would have understood that what he is doing violates that right.) Accordingly, State Defendants are protected by qualified immunity and entitled to judgment as a matter of law for this reason.

### e. Plaintiff Has Not Properly Alleged a Fifth Amendment Violation.

In Count 2, Plaintiff claims that Defendant Lemon violated his Fifth Amendment right to remain silent by continuing to question him after invocation. (Doc. 1-1 ¶ 284-88). Plaintiff claims Defendant Lemon arrested and *Mirandized* him. (Doc. 1-1 ¶ 26). According to Plaintiff, he immediately invoked his right to silence and asked for his attorney, but Defendant Lemon continued questioning him. (Doc. 1-1 ¶¶ 27, 31, 42). Later, another Officer arrived, and Plaintiff offered to un-*Mirandize* himself and answered a few more questions. (Doc. 1-1 ¶¶ 44-47).

Under the Fifth Amendment, "no person . . . shall be compelled in any criminal case to be a witness against himself." U.S. Const. Amend. V. Both the right to have counsel present and remain silent during interrogation derive from the Fifth Amendment's Self Incrimination Clause. *Arizona v. Miranda*, 384 U.S. 436, 444, 469 (1966). The privilege

against self-incrimination is a fundamental trial right of criminal defendants, and while law enforcement's conduct prior to trial may impair that right, a constitutional violation only occurs at trial. *United States v. Verdugo-Urquidez*, 494 U.S. 259, 264 (1990); *see also Kastigar v. United States*, 406 U.S. 441, 461 (1972) (A coerced confession may be inadmissible at trial, but it does not bar prosecution.). While the privilege against self-incrimination may be asserted in any proceeding, civil or criminal, judicial or administrative, investigatory or adjudicatory, a violation of the constitutional right against self-incrimination occurs only when one has been compelled to be a witness against himself in a criminal case. *Chavez v. Martinez*, 538 U.S. 760, 770 (2003).

Even assuming Defendant Lemon's actions in not *Mirandizing* Plaintiff after the second officer arrived did amount to a violation of Plaintiff's Fifth Amendment rights, such a violation may not form the basis for a valid § 1983 claim. *See Vega v. Tekoh*, 597 U.S. 134, 151 (2022) (A *Miranda* violation does not constitute the deprivation of a right secured by the Constitution enforceable under § 1983.). While Plaintiff claims that Defendant Lemon used the statements in a campaign to investigate his residency, such action does not amount to a violation of his Fifth Amendment Rights. *See Verdugo-Urquidez*, 494 U.S. at 264. Further, Plaintiff's statements were never used against him at trial. In the First Williams Case, the only criminal case to go to trial, the statements were suppressed. (Doc. 1-1 ¶¶ 109, 116, 118, 119, 133, 288). And the First Williams Case was affirmed in August 2025, and thus falls outside the applicable two-year statute of limitations for a § 1983 case and may not form the basis for his claim. *Ward*, 597 U.S. at 174 (Federal courts borrow state statutes of limitations for § 1983 actions.); A.R.S. § 12-542(1) (The statute of limitation for personal injury actions is two years.).

While Plaintiff could assert his right against self-incrimination at the AZGFD hearing, a violation of that right at the administrative hearing may not form the basis for a Fifth Amendment claim. *See Chavez*, 538 U.S. at 770.  By failing to allege a criminal proceeding in which the statements were used against him, Plaintiff fails to allege a Fifth Amendment claim properly. *See Chavez*, 538 U.S. at 777 (Concurring, J. Souter) (No

action under § 1983 exists for violations of the privilege against self-incrimination, the sole remedy is suppression.); *see also Neighbour v. Covert*, 68 F.3d 1508, 1510-11 (2d Cir. 1995) (Exclusion not damages are the proper remedy for failure to administer *Miranda* warnings.); *Vega*, 597 U.S. at 151-52 (Suppression is a sufficient remedy for violations of *Miranda*, and extending § 1983 actions to cover such violations would create procedural issues.). Because the statements have not been admitted against Plaintiff in a criminal proceeding, amendment cannot fix this deficiency, making dismissal with prejudice proper. *Bonin v. Calderon*, 59 F.3d 815, 946 (9th Cir. 1995) (Futility of amendment alone justifies denying leave to amend.).

**f.    Defendant Gray's Alleged Actions Do Not Survive Twombly's Standard for Stating a Claim.**

To survive a motion to dismiss, a claim must contain sufficient facts to show "relief that is plausible." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 579 (2007). Rule 8(a)(2)'s required "short and plain statement of the claim" must be more than a "blanket assertion" of entitlement to relief. *Id.* at 555, n. 3. Otherwise, plaintiffs would deprive defendants of "fair notice" of the grounds on which the claim rests. *Id.*

When examining the sufficiency of a complaint, the court must accept the factual allegations as true but is "not bound to accept as true a legal conclusion couched as a factual allegation." *Iqbal*, 556 U.S. at 678. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements," do not suffice. *Id.*

Plaintiff failed to meet the lenient standards set forth by *Twombly* and *Iqbal* to sustain a claim against Defendant Gray. The Complaint alleges that Defendant Gray did not provide records after Plaintiff made a public records request and refused to investigate Plaintiff's complaints about Defendant Lemon. (Doc. 1-1 ¶¶ 4, 229-34). Such actions, Plaintiff contends, amount to a ratification of Defendant Lemon's actions, causing harm to his Constitutional rights. (*Id.*). These alleged actions are insufficient to plead liability

14

for a malicious prosecution or due process violation under § 1983, for none of these allegations meets any element of a Fourth Amendment malicious prosecution or a Fifth Amendment right against self-incrimination Due Process claim.

Furthermore, in *Jones v. Williams,* the court stated unequivocally: "[i]n order for a person acting under color of state law to be liable under section 1983 there must be a showing of personal participation in the alleged rights deprivation: there is no respondeat superior liability under section 1983." *Jones v. Williams,* 297 F.3d 930, 934 (2002). The allegations about Gray do not show he participated in Lemon's detainment, questioning, and prosecution of Plaintiff by ratification or otherwise. Under § 1983, Respondeat Superior liability is unavailable to attach liability to Gray merely because he had supervisory authority over Lemon.

Qualified immunity shields Gray because no clearly established law would put him on notice that withholding records and refusing to investigate Plaintiff's complaints met the elements of a malicious prosecution or a Due Process violation. Law is "clearly established" for the purposes of qualified immunity analysis if "every reasonable official would have understood that what he is doing violates that right." *Cates v. Stroud*, 976 F.3d 972, 978 (9th Cir. 2020) (quoting *Taylor v. Barkes,* 575 U.S. 822, 825 (2015)). No Supreme Court or Ninth Circuit precedent would have put Gray on notice that withholding records and refusing to investigate Plaintiff's complaints violated the Fourth and Fifth Amendments. The claims against Gray must be dismissed.

### g.   Amendment is Futile

The Supreme Court has identified four relevant factors to determine if leave to amend pleadings should be denied: undue delay, bad faith or dilatory motive, futility of amendment, and prejudice to the opposing party. *Morrow v. Bos. Mut. Life Ins. Co.,* No. CV-06-2635-PHX-SMM, 2008 WL 2186414, at *1 (D. Ariz. May 23, 2008) (citing *Foman v. Davis,* 371 U.S. 178, 182, 83 S.Ct. 227, 230 (1962)). A proposed amendment is "futile" only if no set of facts can be proven under the amendment that would constitute a valid claim or defense. *Miller v. Rykoff–Sexton, Inc.*, 845 F.2d 209 (9th Cir. 1988). The

15

Complaint must be dismissed in its entirety and with prejudice because no amendment can save the defective claims. First, nothing can recast the malicious prosecution claim based on the First Williams prosecution, for Plaintiff was found guilty, in a final judgment establishing probable cause, and which did not terminate in Plaintiff's favor. Nor can Plaintiff show facts overcoming the deficiencies caused by his guilty plea in the Second Williams prosecution because it was predicated on Plaintiff taking an elk on an unlawfully obtained hunting license. That conviction is a final judgment establishing probable cause and did not terminate in Plaintiff's favor.

Plaintiff cannot escape the effect of the Desert Ridge prosecution, where he accepted a diversion program requiring acknowledgment of responsibility for the charges alleged for obtaining annual elk hunting permits predicated on the fraudulently obtained hunting license establishing probable cause. These facts do not amount to a favorable termination. Amendment cannot undo the Complaint's own admissions that Defendant Lemon had evidence that Plaintiff obtained the lifetime hunting license without meeting the Arizona residency requirements to qualify for the license and that such evidence established probable cause.  And even if probable cause was a close call, qualified immunity shields Defendant Lemon from suit because no amendment can change the fact that reasonable officers could disagree as to whether Defendant Lemon had enough facts to refer the prosecutions based on unlawfully taking an elk under a fraudulently obtained license. Plaintiff can plead no set of facts, inculpating Defendant Gray.

Nor can Amendment reform the allegations that Gray's alleged failure to provide records after Plaintiff made a public records request and alleged refusal to investigate Plaintiff's complaints about Defendant Lemon, because nothing additional will make the allegations sound in malicious prosecution or right against self-incrimination claims against Gray.

Finally, no amendment can change that *Younger* abstention from entertaining this lawsuit is proper, given the ongoing administrative proceedings. And the law itself makes clear that Plaintiff's Due Process claim cannot move forward, under any set of facts

16

because the Fifth Amendment Right against self-incrimination may only be violated in a criminal trial, and the only criminal trial underlying this case is barred by the statute of limitation. Plaintiff himself acknowledges the statements were suppressed at trial and thus not used against him. Under such circumstances, only dismissal with prejudice is proper.

## IV.   CONCLUSION

State Defendants respectfully request that the Court dismiss the Complaint with prejudice.

DATED this 24th day of April, 2026.

Kristin K. Mayes
Attorney General

/s/ Byron J. Babione
Byron J. Babione
Kate Weeks
Assistant Attorneys General
*Attorneys for State Defendants*

ORIGINAL filed via CM-ECF
and a COPY e-served this 24th
day of April, 2026 to:

Sean A. Woods
Robert T. Mills
Mills and Woods, PLLC
5055 N. 12th Street, Ste. 101
Phoenix, Arizona  85014
swoods@millsandwoods.com
docket@millsandwoods.com
*Attorneys for Plaintiff*

/s/ Tatiana Nunez