Robert T. Mills (Arizona Bar #018853)
Sean A. Woods (Arizona Bar #028930)
**MILLS + WOODS LAW, PLLC**
5055 North 12th Street, Suite 101
Phoenix, Arizona 85014
Telephone 480.999.4556
docket@millsandwoods.com
swoods@millsandwoods.com
*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT

# DISTRICT OF ARIZONA

| | |
|---|---|
| Mark Hafkey, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>William Lemon, an individual; Ty E. Gray, an individual,<br><br>Defendants. | No.: CV-26-02135-PHX-KML (CDB)<br><br>**PLAINTIFF'S RESPONSE IN OPPOSITION TO STATE DEFENDANTS' MOTION TO DISMISS**<br><br>(Assigned to the Honorable Krissa M. Lanham, and referred to the Honorable Camille D Bibles) |

Plaintiff Mark Hafkey ("Plaintiff" or "Hafkey"), by and through undersigned counsel, respectfully submits this Response in Opposition to the State Defendants' Motion to Dismiss, (Doc. 7) (the "Motion"). For the reasons set forth in the following Memorandum of Points and Authorities, the Motion should be denied. In the alternative, any dismissal should be without prejudice and with leave to amend, and to the extent the Court abstains as to the pending administrative matter under *Younger*, the proper course is a stay, not dismissal.

///

///

///

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.  INTRODUCTION

The Motion asks this Court to do what Rule 12(b)(6) forbids: to weigh disputed facts, resolve probable cause as a matter of law, and credit the State Defendants' account of events over the detailed, **verified** allegations of the Complaint. Accepted as true, as they must be at this stage, those allegations describe a nearly four-year campaign of retaliatory prosecution. After a routine hunting dispute, Officer William Lemon arrested Mark Hafkey following a single question, then continued to interrogate him for roughly two hours after Hafkey invoked his right to silence and asked for his lawyer by name. (Compl. ¶¶ 23-47.) A state court later suppressed those statements as involuntary. (Compl. ¶ 133.) Undeterred, Lemon used the suppressed statements to obtain a search warrant for Hafkey's tax records and to manufacture probable cause for fourteen new charges filed exactly 360 days after their first encounter, doctoring citations, concealing exculpatory evidence and witnesses, falsifying a search-warrant return, and changing his sworn testimony to fit each new theory. (Compl. ¶¶ 84-86, 112-114, 154-192.) Director Ty Gray, informed of this misconduct, refused to investigate and withheld records, ratifying it. (Compl. ¶¶ 229-234.)

Of the sixteen charges Lemon pursued, the vast majority never produced a conviction. All nine Desert Ridge charges were dismissed, and four of the five Second Williams charges were dismissed. (Compl. ¶¶ 220-222, 227-228.) Under *Thompson v. Clark*, those terminations are "favorable" as a matter of law. The Motion's contrary arguments fail at every turn: *Younger* abstention cannot justify dismissing a damages action; *Heck* does not bar claims arising from prosecutions that ended without any

2

conviction; probable cause is charge-specific and, on this record, a disputed question of fact; Director Gray is alleged to have engaged in his own culpable inaction; and qualified immunity cannot be resolved on the pleadings. The Motion should be denied.

## II.    **STATEMENT OF ALLEGED FACTS**

On December 7, 2021, Hafkey lawfully shot a cow elk while hunting on foot in Coconino County and, as Arizona law permits, retrieved the downed animal. (Compl. ¶¶ 10, 21.) A rival hunter, angry at losing possession of the elk, later told Officer Lemon that Hafkey had driven off-road. (Compl. ¶¶ 18-20.) Roughly two and a half hours later, Lemon confronted Hafkey at gunpoint, asked a single question, and immediately arrested, searched, and *Mirandized* him. (Compl. ¶¶ 23-26.) Hafkey invoked his right to silence and requested his attorney by name. (Compl. ¶ 27.) Lemon ignored the invocation and interrogated Hafkey for approximately two hours about, among other things, his residency, licensing, and tax matters. (Compl. ¶¶ 31, 42.)

Lemon's report omitted any reference to *Miranda* or to Hafkey's invocation. (Compl. ¶¶ 40, 117, 120.) On October 28, 2022, the Williams Justice Court found Hafkey's post-invocation statements involuntary and suppressed them. (Compl. ¶ 133.) Nonetheless, on April 5, 2022, Lemon had already used those statements in an affidavit to obtain a search warrant for Hafkey's tax records, and he later falsified the warrant return date to conceal an untimely return. (Compl. ¶¶ 164-168.)

The First Williams Case (Case No. J-0302-CM-2021000233) charged two misdemeanors arising from the December 7 incident. After trial, Hafkey was found guilty, and the Coconino County Superior Court affirmed on August 16, 2023. (Compl. ¶¶ 81-82,

MILLS + WOODS LAW, PLLC
5055 North 12th Street, Suite 101
Phoenix, AZ 85014
480.999.4556

MILLS + WOODS LAW, PLLC
5055 North 12th Street, Suite 101
Phoenix, AZ 85014
480.999.4556

148-151.) On December 1, 2022, 360 days after their first contact, Lemon issued fourteen additional charges premised on the theory that Hafkey had obtained his lifetime hunting license by misrepresenting his residency: five in the Second Williams Case (Case No. J-0302-CM-2022000167) and nine in the Desert Ridge Case (Case No. JC2022-145163, et seq.). (Compl. ¶¶ 154, 158-160.)

All nine Desert Ridge charges were dismissed on November 9, 2023. (Compl. ¶¶ 220-222.) In the Second Williams Case, Hafkey entered an *Alford* plea, professing innocence, to a single count of unlawfully taking or possessing an elk, in exchange for dismissal of the remaining four charges, with the order entered October 11, 2024. (Compl. ¶¶ 227-228.) The Complaint alleges that the residency-fraud charges lacked any factual basis: Hafkey maintained a vehicle registered in Arizona, was registered to vote in Arizona, and was based in Phoenix as a flight attendant, facts Lemon deliberately omitted from his reports. (Compl. ¶¶ 211-212, 221 n.1.) Separately, an administrative license-revocation and civil-penalty proceeding remains on appeal in Maricopa County Superior Court. (Compl. ¶¶ 263-265.)

Hafkey brings two claims under 42 U.S.C. § 1983: Count I for malicious prosecution (Fourth, Fifth, and Fourteenth Amendments) against both Defendants, and Count II for a due-process violation arising from Lemon's exploitation of the suppressed statements. (Compl. ¶¶ 269-293.)

## III.  LEGAL STANDARD

On a Rule 12(b)(6) motion, the Court must accept all well-pleaded factual allegations as true and construe them in the light most favorable to the plaintiff. *Ashcroft*

*v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007). A complaint survives if it pleads "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. The Complaint here is **verified**, and its factual allegations carry the weight of sworn testimony. An affirmative defense, such as the statute of limitations, *Heck*, or abstention, warrants dismissal only when its applicability is apparent on the face of the complaint and no set of facts consistent with the allegations would defeat it. The Motion repeatedly violates these principles by resolving contested facts and inferences against Hafkey.

## IV.   **ARGUMENT**

### A.   **Younger Abstention Does Not Support Dismissal of Hafkey's Damages Claims.**

Even assuming the three *Younger* criteria were met as to the pending administrative appeal (ongoing state proceedings, important state interests, and an adequate opportunity to raise federal claims, *see Kenneally v. Lungren*, 967 F.2d 329, 331 (9th Cir. 1992)), abstention would not justify **dismissal**. The Ninth Circuit, sitting en banc, has squarely held that when a federal plaintiff seeks money damages, a district court should stay, not dismiss, an action for damages based on *Younger* abstention. *Gilbertson v. Albright*, 381 F.3d 965, 981-82 (9th Cir. 2004) (en banc). Hafkey seeks compensatory and punitive damages (Compl., Prayer ¶¶ a-c); he seeks no injunction against, and no interference with, the administrative proceeding. The Motion's request for outright dismissal on *Younger* grounds is therefore foreclosed.

MILLS + WOODS LAW, PLLC
5055 North 12th Street, Suite 101
Phoenix, AZ 85014
480.999.4556

The argument also overreaches. The gravamen of the Complaint is Lemon's conduct in the **concluded criminal cases**, not the pending license appeal. *Younger* speaks only to ongoing proceedings and has no bearing on claims arising from prosecutions that have already ended. At most, *Younger* could counsel a limited stay of any claim genuinely intertwined with the administrative appeal; it cannot support dismissal of the malicious-prosecution and due-process claims rooted in the completed criminal matters.

### B.    Heck Does Not Bar Claims Arising From Prosecutions That Ended Without a Conviction.

*Heck v. Humphrey*, 512 U.S. 477 (1994), bars a § 1983 damages claim only where a judgment for the plaintiff would necessarily imply the invalidity of his conviction or sentence, and only where a conviction or sentence actually exists. *Id.* at 486-87; *see Wallace v. Kato*, 549 U.S. 384, 393 (2007) (*Heck* applies only to "an outstanding criminal judgment"). *Heck* has no application here to the claims that matter.

First, the nine **Desert Ridge** charges produced **no conviction**; they were dismissed in their entirety. (Compl. ¶¶ 220-222.) *Heck* simply does not reach a malicious-prosecution claim premised on charges that never resulted in a conviction. Second, four of the five **Second Williams** charges were likewise dismissed. (Compl. ¶¶ 227-228.) A § 1983 claim premised on those dismissed charges implies the invalidity of no conviction at all.

Third, success on Hafkey's claims would not "necessarily imply" the invalidity of the lone *Alford*-plea conviction (unlawful taking or possession of an elk) or the First Williams misdemeanor convictions (cross-country driving and shooting from a vehicle). Those convictions rest on conduct at the December 7 kill site; Hafkey's malicious-prosecution claim targets the distinct residency-fraud theory underlying the dismissed

6

charges. A jury could find that Lemon manufactured the fraud charges without probable cause without disturbing the take-related convictions. *See Chiaverini v. City of Napoleon*, 144 S.Ct. 1745, 1750-51 (2024) (probable cause must be assessed charge-by-charge). To the extent the Court were to conclude that any particular theory necessarily implies the invalidity of an unreversed conviction, the remedy under *Heck* is dismissal **without prejudice** because the claim has not yet accrued, not the dismissal with prejudice the Motion demands.

### C.   <u>Hafkey Has Adequately Alleged a Favorable Termination.</u>

The Supreme Court has resolved the favorable-termination question against the Motion. To maintain a § 1983 malicious-prosecution claim, "a plaintiff need only show that the criminal prosecution ended without a conviction." *Thompson v. Clark*, 142 S.Ct. 1332, 1341 (2022). The plaintiff need **not** "show that the criminal prosecution ended with some affirmative indication of innocence." *Id.* The dismissal of all nine Desert Ridge charges, and of four of the five Second Williams charges, satisfies that standard as a matter of law. (Compl. ¶¶ 220-222, 227-228.)

The Motion's effort to distinguish the Desert Ridge dismissal as a "diversion" requiring an "admission of responsibility" fails for three reasons. First, it depends entirely on an extrinsic policy document, a county webpage, that is not part of the Complaint, is not the proper subject of judicial notice for the truth of its contents, and cannot be considered on a Rule 12(b)(6) motion without converting it to summary judgment. Defendants' own Request for Judicial Notice (Doc. 9) seeks notice only of the plea agreement and docket, not the diversion policy. Second, the verified Complaint alleges the opposite of an

MILLS + WOODS LAW, PLLC
5055 North 12th Street, Suite 101
Phoenix, AZ 85014
480.999.4556

admission: the Desert Ridge charges were "shaky at best" and were dismissed for lack of a factual basis. (Compl. ¶¶ 220, 222.) Whether any admission occurred is a disputed fact that cannot be resolved now. Third, and dispositively, *Thompson* forecloses any requirement of an "affirmative indication of innocence," *see* 142 S.Ct. at 1341, which is precisely what the Motion's "admission of responsibility" theory seeks to reintroduce.

### D. The Statute of Limitations Bars Nothing Properly Pleaded.

Section 1983 borrows Arizona's two-year limitations period for personal-injury actions. A.R.S. § 12-542. But accrual is governed by federal law, and a malicious-prosecution or fabricated-evidence claim does not accrue, and the limitations clock does not begin to run, until the underlying criminal proceeding terminates in the plaintiff's favor. *McDonough v. Smith*, 139 S.Ct. 2149, 2158 (2019); *Wallace v. Kato*, 549 U.S. 384, 388, 393-94 (2007). The Desert Ridge charges terminated on November 9, 2023, and the Second Williams Case on October 11, 2024. (Compl. ¶¶ 221, 228.) The Complaint was filed October 11, 2025, within two years of each. Those claims are timely.

As for the First Williams Case, the Motion's limitations argument misfires. A malicious-prosecution claim requires a favorable termination, which the First Williams convictions never produced; the limitations period for such a claim therefore never began as to those proceedings, and Hafkey does not premise a malicious-prosecution claim on a favorable termination there. The First Williams events nonetheless remain relevant and admissible as evidence of Lemon's malice and his ongoing pattern of retaliatory conduct that produced the later, timely-challenged charges. At a minimum, accrual presents fact questions inappropriate for resolution on the pleadings.

MILLS + WOODS LAW, PLLC
5055 North 12th Street, Suite 101
Phoenix, AZ 85014
480.999.4556

**E.      The Complaint Plausibly Alleges the Absence of Probable Cause, Which Cannot Be Decided on the Pleadings.**

Whether particular facts establish probable cause may be a question of law, but where the underlying facts are disputed, the question cannot be resolved against the plaintiff on a motion to dismiss. The verified Complaint alleges that Lemon lacked probable cause and affirmatively manufactured it: he arrested Hafkey after a single question and without a positive identification (Compl. ¶¶ 66-67); doctored the citations he submitted to the court (Compl. ¶¶ 84-86); concealed exculpatory evidence and witnesses (Compl. ¶¶ 112-114, 174-176); falsified the search-warrant return (Compl. ¶¶ 166-168); and built the residency-fraud charges on statements a court had suppressed while omitting that Hafkey held an Arizona vehicle registration, was registered to vote in Arizona, and was based in Phoenix (Compl. ¶¶ 211-212, 221 n.1). Taken as true, those allegations plausibly establish the absence of probable cause.

The Motion's contrary theory, that the *Alford*-plea and First Williams convictions establish probable cause for **all** charges, is precisely the "any-crime" reasoning the Supreme Court rejected in *Chiaverini*. There, the Court held that the presence of probable cause on one charge does not defeat a Fourth Amendment malicious prosecution claim as to other charges that lacked it; probable cause must support each charge. *Chiaverini*, 144 S.Ct. at 1750-51. The conviction for taking an elk thus does not, as a matter of law, supply probable cause for the distinct residency-fraud charges, which the Complaint plausibly alleges were baseless. And the Motion's "admission of responsibility" gloss once again rests on extrinsic policy material and contested inferences that cannot be weighed now.

MILLS + WOODS LAW, PLLC
5055 North 12th Street, Suite 101
Phoenix, AZ 85014
480.999.4556

9

## F.   Qualified Immunity Cannot Be Resolved on the Pleadings.

Qualified immunity is generally not amenable to resolution on a Rule 12(b)(6) motion, because the inquiry is fact-intensive, and dismissal is proper only if the complaint's own allegations establish the defense beyond doubt. The rights Hafkey alleges Lemon violated were clearly established long before 2021. It is clearly established that an officer may not fabricate evidence or deliberately mislead the court to secure charges. *See Devereaux v. Abbey*, 263 F.3d 1070, 1074-75 (9th Cir. 2001) (en banc); *Spencer v. Peters*, 857 F.3d 789, 798-800 (9th Cir. 2017). Likewise clearly established is the right to be free from prosecution without probable cause. *Lacey v. Maricopa County*, 693 F.3d 896, 918-20 (9th Cir. 2012) (en banc). Because the Complaint alleges deliberate fabrication, concealment, and the pursuit of baseless charges, qualified immunity cannot be granted on this record; the defense, if pressed, must await a developed factual record.

## G.   The Complaint States a Claim Against Director Gray.

The Motion mischaracterizes the claim against Director Gray as one for respondeat superior. It is not. The Complaint alleges Gray's **own** culpable conduct: after being informed of Lemon's misconduct, Gray refused to investigate Hafkey's complaints and withheld records, thereby ratifying Lemon's ongoing violations with deliberate indifference. (Compl. ¶¶ 229-234, 274.) The Ninth Circuit has "long permitted" supervisory-liability suits "when culpable action, or inaction, is directly attributed to" the supervisor. *Starr v. Baca*, 652 F.3d 1202, 1205 (9th Cir. 2011). A supervisor may be individually liable for his own culpable action or inaction, including "acquiesce[nce] in the unconstitutional conduct of his subordinates," or for "knowingly refusing to terminate a

MILLS + WOODS LAW, PLLC
5055 North 12th Street, Suite 101
Phoenix, AZ 85014
480.999.4556

series of acts by others, which [the supervisor] knew or reasonably should have known would cause others to inflict a constitutional injury." *Id.* at 1207-08, 1216. The allegations against Gray fit squarely within *Starr*. At a minimum, if the Court finds the allegations against Gray insufficiently detailed, leave to amend is warranted rather than dismissal with prejudice.

### H.   Count II States a Claim, and Any Pleading Defect Is Curable by Amendment.

Defendants invoke *Vega v. Tekoh*, 597 U.S. 134 (2022), which holds that a bare *Miranda* violation is not itself actionable under § 1983. *Id.* at 150-52. But Count II does not rest merely on a failure to re-warn. Its gravamen is that Lemon **exploited** Hafkey's unlawfully obtained, judicially suppressed statements, using them to obtain a search warrant and to fabricate probable cause for fourteen new charges. (Compl. ¶¶ 164-170, 289-292.) That conduct, deliberate fabrication of evidence and judicial deception causing a deprivation of liberty, is actionable under the Fourth and Fourteenth Amendments independent of *Miranda*. *See Spencer v. Peters*, 857 F.3d at 798-800; *Devereaux*, 263 F.3d at 1074-75; *McDonough*, 139 S.Ct. at 2154-55 (recognizing § 1983 fabricated evidence claims). *Vega* does not immunize an officer who weaponizes compelled statements to manufacture criminal charges.

To the extent the Court reads Count II as resting solely on the failure to re-administer warnings, Plaintiff respectfully requests leave to amend to plead the fabrication-of-evidence and judicial-deception theory consistent with the facts already alleged. Because that theory is supported by the existing allegations, any defect is the paradigm of a curable one.

11

MILLS + WOODS LAW, PLLC
5055 North 12th Street, Suite 101
Phoenix, AZ 85014
480.999.4556

## I.    <u>Any Dismissal Should Be Without Prejudice and With Leave to Amend.</u>

Federal Rule of Civil Procedure 15(a) directs that leave to amend be "freely give[n]," and the Ninth Circuit applies that policy "with extreme liberality." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003). Among the relevant factors, "it is the consideration of prejudice to the opposing party that carries the greatest weight," and "[a]bsent prejudice, or a strong showing of any of the remaining *Foman* factors, there exists a presumption under Rule 15(a) in favor of granting leave to amend." *Id.* at 1052; *see also Foman v. Davis*, 371 U.S. 178, 182 (1962). This case is at the pleading stage, Hafkey has not previously amended, and Defendants can claim no prejudice. The Motion's futility argument fails because, as shown above, the claims are viable; and even if any allegation required refinement, amendment could readily cure it. Dismissal with prejudice would be improper. *See Eminence Capital*, 316 F.3d at 1052.

## V.    <u>CONCLUSION</u>

For the foregoing reasons, Plaintiff respectfully requests that the Court **deny** the State Defendants' Motion to Dismiss in its entirety. In the alternative, any dismissal should be **without prejudice and with leave to amend**, and to the extent the Court abstains under *Younger* as to the pending administrative appeal, it should **stay**, rather than dismiss, those claims.

///

///

///

///

12

**RESPECTFULLY SUBMITTED** this 3rd day of June 2026.

MILLS + WOODS LAW, PLLC


By_____/s/ Sean A. Woods_____
         Robert T. Mills
         Sean A. Woods
         5055 North 12th Street, Suite 101
         Phoenix, AZ 85014
         *Attorneys for Plaintiff*


**CERTIFICATE OF SERVICE**

I hereby certify that on June 3, 2026, I electronically transmitted the foregoing document to the Clerk's Office using the ECF System for filing and transmittal of a Notice of Electronic Filing to the following ECF registrants:

Byron J. Babione
byron.babione@azag.gov
jill.lafornara@azag.gov
marjorie.schnell@azag.gov
Kate Weeks
kate.weeks@azag.gov
olivia.villa@azag.gov
tatiana.nunez@azag.gov
**ARIZONA ATTORNEY GENERAL'S OFFICE**
defensephx@azag.gov
2005 N Central Ave.
Phoenix, AZ 85004-1592
(602) 542-7690 (BB)
(602) 542-8622 (KW)
*Attorneys for Defendants*


_____/s/ Ben Dangerfield_____