Kristin K. Mayes
Attorney General

Byron J. Babione (#024320)
Kate Weeks (#039860)
Assistant Attorneys General
2005 North Central Avenue
Phoenix, Arizona 85004-1592
Telephone:   (602) 542-7690 (BB)
                    (602) 542-8622 (KW)
Fax: (602) 542-3393
Defensephx@azag.gov
Byron.Babione@azag.gov
Kate.Weeks@azag.gov

*Attorneys for State Defendants*

# UNITED STATES FEDERAL DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Mark Hafkey, an individual, | Case No: 2:26-cv-02135-KML-CDB |
| Plaintiff, | |
| v. | **STATE DEFENDANTS' REPLY IN SUPPORT OF THEIR MOTION TO DISMISS** |
| William Lemon, an individual; Ty E. Gray, an individual, | |
| Defendants. | (Assigned to Honorable Krissa M Lanham) |

Defendants William Lemon and Ty E. Gray ("State Defendants"), by and through their undersigned counsel, hereby reply in support of their Motion to Dismiss. (Doc. 7). Plaintiff Mark Hafkey's ("Plaintiff") argument that he pled a valid judicial deception or fabrication of evidence claim lacks any merit whatsoever, and Count II must be dismissed. Additionally, Plaintiff admits to sufficient facts in the Complaint to support a finding of probable cause that his hunting license was fraudulently obtained. Because all charges in the only two prosecutions that may serve as the basis for a malicious prosecution claim were based on the fraudulently obtained hunting license, Count I must be dismissed with prejudice.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.    LEGAL AUTHORITY

Four prosecutions involving Plaintiff are relevant here. First, in 2023, in Williams Justice Court, Plaintiff was tried and convicted for prohibited cross-country vehicle travel and the taking of wildlife. ("First Williams Case"). *See State v. Hafkey*, No. J-0302-CM-2021000233 (Ariz. Justice Ct., Maricopa County., Williams, Jan. 19, 2023). (Doc. 1-1 ¶¶ 81-83). Second, in 2022, Plaintiff was charged with use of a lifetime license by misrepresentation, taking an elk with an invalid license, using a tag obtained by misrepresentation, taking an elk with an invalid tag, and possession and unlawful taking of an elk. ("Second Williams Case"). *See State v. Hafkey*, No. J-0302-CM-2022000167 (Ariz. Justice Ct., Maricopa County., Williams, Jan. 14, 2024). (Doc. 1-1 ¶¶ 158-59). He accepted a guilty plea for one count of unlawfully taking an elk in exchange for a dismissal of all other charges. (Doc. 1-1 ¶¶ 227, 228, 280).

Third, in 2022, in Desert Ridge Justice Court, Plaintiff was charged with nine charges related to his hunting on an allegedly fraudulent license, but the charges were dismissed after he accepted a diversion plea. ("The Desert Ridge Case"). *See State v. Hafkey*, No. Case 2:26-cv-02135-KML-CDB Document 7 Filed 04/24/26 JC2022-145163-JC2022-145171 (Ariz. Justice Ct., Maricopa County., Desert Ridge, Nov. 11, 2023). (Doc. 1-1 ¶¶ 220, 221, 251). Finally, the Arizona Game and Fish Department held an administrative hearing regarding Plaintiff's lifetime hunting license, which it revoked. *Hafkey v. Arizona Game and Fish Dep't*, No. LC2025-000319 (Ariz. Super. Ct., Maricopa County., Sept. 11, 2025) (Docket Entry No. 2). (Doc. 1-1 ¶ 265). That matter is currently pending appeal. (*Id.*).

### A.    Supreme Court Precedent Supports Dismissal of Count II with Prejudice.

In the Response, Plaintiff asks the Court to read Count II as not merely resting on a *Miranda* failure and instead to find that Count II contains a Fourth and Fourteenth

Amendment claim. (Doc. 17 at 11:16-22). But Count II alleges a due process violation, based solely on the Fifth Amendment and 42 U.S.C. § 1983. (Doc 1-1 ¶¶ 284-293). While Plaintiff claims Count II supports a claim of judicial deception or fabrication of evidence, the Complaint does not allege those causes of action or any facts which would support them. (*Id.*).

As a Fifth Amendment claim, Count II fails for three reasons. First, the claim is barred by the personal injury statute of limitation applied to § 1983 claims in Arizona. *See Nance v. Ward*, 597 U.S. 159, 174 (2022) (All § 1983 actions must be brought within a state's statute of limitation for personal injury.); *see also Madden-Tyler v. Maricopa County*., 189 Ariz. 462, 466 (App. 1997) (Applying the two-year statute of limitation to § 1983 claims in Arizona); A.R.S. § 12-542(1). Plaintiff's only prosecution eligible for a Fifth Amendment claim is the First Williams Case because a violation of the constitutional right against self-incrimination occurs only when a defendant is compelled to be a witness against himself in a criminal case. *Chavez v. Martinez*, 538 U.S. 760, 770 (2003). Plaintiff's other alleged prosecutions did not proceed to trial and thus could not result in a violation of his right against self-incrimination. (Doc 1-1 ¶¶ 220, 227). The First Williams Case terminated in August 2023, and Plaintiff filed the Complaint in October 2025. (Doc. 1-1 ¶ 151). Thus, as Plaintiff concedes in the Response, the First Williams Case, the only eligible case for a right against self-incrimination claim, is outside the statute of limitation and may not serve as the basis for Count II. (*See* Doc 17 at 8:19-28).

Second, the Court suppressed Plaintiff's statements in the First Williams Case, and thus his Fifth Amendment rights were not violated. *See United States v. Verdugo-Urquidez*, 494 U.S. 259, 264 (1990); *see also Kastigar v. United States*, 406 U.S. 441, 461 (1972). Moreover, the Supreme Court has repeatedly articulated that the correct remedy for a Fifth Amendment violation is suppression, not a § 1983 damages action. *See Vega v. Tekoh*, 597 U.S. 134, 151 (2022); *Chavez*, 538 U.S. at 770. No amendment can cure such deficiencies. *See Bonin v. Calderon*, 59 F.3d 815, 845 (9th Cir. 1995).

Nor would leave to amend to plead judicial deception be proper. A judicial deception claim requires proof that a seizure conducted pursuant to a warrant obtained by judicial deception violated the plaintiff's Fourth Amendment rights. *Whitaker v. Garcetti*, 486 F.3d 572, 581 (9th Cir. 2007). Plaintiff cannot successfully plead such a claim. To begin, *Heck* applies to judicial deception claims, so to the extent the court finds the § 1983 malicious prosecution claim is *Heck*-barred, that bar would apply equally here. *Whitaker*, 486 F.3d at 581. Further, officers may still use pre-*Miranda* statements in warrant affidavits. *United States v. Patterson*, 812 F.2d 1188, 1194 (9th Cir. 1987). Thus, Plaintiff's claim that Lemon relied on the allegedly unlawfully obtained statements to secure a warrant is unavailing. (Doc. 17 11:13-28).

As for a § 1983 fabricated evidence claim, a plaintiff must prove (1) the defendant deliberately fabricated evidence, and (2) such fabrication caused the plaintiff's deprivation of liberty. *Spencer v. Peters*, 857 F.3d 789, 798 (9th Cir. 2017). A deprivation of liberty occurs when an individual is subjected to criminal charges based on false evidence deliberately fabricated by the government. *Devereaux v. Abbey*, 263 F.3d 1070, 1074 (9th Cir. 2001). Again, the *Heck*-bar applies to § 1983 fabrication claims. *McDonough v. Smith*, 588 U.S. 109, 117-118 (2019). Further, the use of pre-*Miranda* statements does not amount to a fabrication of evidence. *See Spencer*, 857 F.3d at 793 (Fabricated evidence is evidence that a government official intentionally invents, alters, or misrepresents, knowing it is false or misleading, in order to influence a criminal investigation or prosecution.). At best, only the Desert Ridge or Second Williams Case may serve as the basis for a fabricated evidence claim, and Plaintiff must allege facts showing Defendant Lemon intentionally invented or mischaracterized evidence to influence his prosecutions. Merely pleading that Lemon included the suppressed but otherwise truthful pre-*Miranda* statements is insufficient.

**B.      The Issues Were Properly Raised in a Motion to Dismiss.**

Plaintiff acknowledges that whether particular facts establish probable cause is a question of law, but maintains that dismissal is improper when the underlying facts are disputed. *Scott v. Harris*, 550 U.S. 372, 381, n.8 (2007).  (Doc. 17 at 9:3-4). Plaintiff's argument fails because State Defendants do not rely on disputed facts to argue the existence of probable cause bars their claims. Instead, the Motion to Dismiss relies on facts Plaintiffs themselves pled in the Complaint to establish that, as a matter of law, probable cause exists. (*See* Doc. 7 at 11:13-12:4). Probable cause exists when "there was any evidence warranting the finding that there was a reasonable ground to believe the accused guilty." *Mirchandani v. United States*, 836 F.2d 1223, 1226 (9th Cir. 1988).  The following facts, taken from the Complaint, establish that a reasonable ground existed for believing Plaintiff's guilt: Plaintiff used an Arizona post office box registered in another person's name as his mailing address on the license application; Plaintiff's principal residence was in California; Defendant Lemon obtained a notarized document placing the Plaintiff in California in 2012; and Plaintiff built a house in California in 2012. *See Bell Atlantic v. Twombly*, 550 U.S. 544, 555-56 (2007) (At the Motion to Dismiss stage, the Court must assume the truth of all well-pled facts in the complaint.). (Doc. 1-1 at ¶¶ 197-209). Assuming these facts as true, probable cause exists as a matter of law.

Plaintiff attempts to invert this rule by arguing his conclusory allegations and anticipated exculpatory evidence somehow negate the existence of probable cause. (Doc. 17 at 9:5-16). In arguing so, Plaintiff confuses the burden State Defendants must meet to prove probable cause. State Defendants established that reasonable grounds exist for believing Plaintiff's guilt, which is "not a very high bar." *District of Columbia v. Wesby*, 583 U.S. 48, 57 (2018), quoting *Kaley v. United States*, 571 U.S. 320, 338 (2014). But Plaintiff tries to impose a beyond-a-reasonable-doubt standard on State Defendants by asserting that the mere presence of potentially exculpatory evidence negates probable cause. *Beauregard v. Wingard*, 362 F.2d 901, 903 (9th Cir. 1966) (Civil rights are not violated by an arrest supported by probable cause even though innocence may subsequently be established.). State Defendants are under no burden to explain away every

inconsistency or to defeat the possibility of any potential alleged exculpating evidence here. The standard in a malicious prosecution claim is probable cause, and has been established based on the facts alleged in the Complaint alone. The claim must be dismissed with prejudice. *See Cullison v. City of Peoria*, 120 Ariz. 165, 169 (1978).

Furthermore, Plaintiff's argument that the court records and the Maricopa County Attorney's Office Policies and Procedures[1] may not be considered in a motion to dismiss lacks merit. (Doc. 17 at 7:20-28). A Court may judicially notice matters of public record without converting a motion to dismiss into a motion for summary judgment. *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 999 (9th Cir. 2018) (A court may notice undisputed facts from court records); *Marshall v. Goguen*, 604 F.Supp.3d 980, 1006 (D. Mont. 2022) (A court may notice a guilty plea from another court as it is an undisputed fact.); *Barron v. Reich*, 13 F.3d 1370, 1377 (9th Cir. 1994) (The contents of publicly available government policies are subject to judicial notice.). All of the facts which State Defendants allege in their Motion to Dismiss are undisputed facts contained in judicially noticeable documents and therefore may be considered. *Khoja*, 899 F.3d at 999.

## C.    Plaintiff's Claims Are *Heck*-Barred and Have Not Favorably Terminated.

Plaintiff concedes that no malicious prosecution charge may result from the First Williams Prosecution. (Doc. 17 at 8:19-28). Additionally, because the administrative hearing is still pending, a malicious prosecution claim is not ripe, and because the administrative case thus far has resulted only in unfavorable terminations, dismissal of that claim is proper. *See Frey v. Stoneman*, 150 Ariz. 106, 110 (1986) (Actions pending appeal are not proper for malicious prosecution claims.). (Doc. 1-1 ¶¶ 82, 148, 159, 227, 228, 235, 263, 264).

---

[1]    Plaintiffs attempt to characterize this document as the County's website, but in fact, the referenced document is an official and verifiable statement of the County's policies and procedures regarding its Justice Court Diversion programs. *See* Fed. R. Evid. 201(b)(1) (The Court may take notice of facts from sources whose accuracy cannot be reasonably questioned.).

Plaintiff contends the Motion argues "any-crime" reasoning disclaimed by *Chiaverini v. City of Napoleon, Ohio*, 602 U.S. 556, 562 (2024). (Doc. 17 at 9:16-27). Not so. The Motion correctly notes that Plaintiff accepted an *Alford* plea in the Second Williams Justice Case and that the same facts justifying probable cause in that conviction also support the charges dismissed in both cases. (See Doc. 7 at 9:19-10:16). All of the dismissed charges were premised on Plaintiff fraudulently obtaining an Arizona Hunting License, as was the charge to which he pled guilty. (Doc. 1-1 ¶¶ 158, 225). In accepting the *Alford* plea, Plaintiff was required to acknowledge that a factual basis existed for the charge. (Doc. 1-1 ¶¶ 158, 225). Likewise, the Maricopa County Policies and Procedures state that, as part of completing a diversion program in its Justice Courts, defendants must acknowledge guilt. Maricopa County. Att'y Off., Prosecution Policies and Procedures, 1, (Sept. 29, 2021) https://maricopacountyattorney.org/DocumentCenter/View/1818/MCAO-Diversion-Policies-and-Procedures-175. Thus, because Plaintiff acknowledged a factual basis in the *Alford plea*, and the same basis underlies all of the dismissed charges, it logically follows that probable cause supports all the charges brought against Plaintiff. (Doc. 1-1 ¶¶ 158, 225). Contrary to Plaintiff's argument, this analysis is exactly the type of charge-by-charge analysis the Court prescribed in *Chiaverini*. 602 U.S. at 562.

To the extent Plaintiff attempts to assert claims based upon the *Alford* plea, that claim is *Heck*-barred. *See Smithart v. Towery*, 79 F.3d 951, 952-53 (9th Cir. 1996). And while the Court in *Chiaverini* endorsed a charge-by-charge analysis, such an analysis supports the application of the *Heck*-bar to all the claims here, as all arose from the same faulty license. (Doc. 1-1 ¶¶ 158, 225).

Finally, *Thompson* is inapposite to the Desert Ridge Case. 596 U.S. 36, 39 (2022). *Thompson* held that an affirmative indication of innocence was unnecessary to prove favorable termination and that prosecutions ending in anything less than a conviction could suffice. *Id.* But *Thompson* does not stand for the proposition that when the Plaintiff's affirmative indication of guilt appears, he may rely on the dismissal as a favorable

termination. *See id.* At the very least, such an acknowledgment supports a finding of probable cause. Plaintiff's malicious prosecution claims are barred and must be dismissed.

### D.    Plaintiff Fails to Assert Viable Claims Against Ty Gray Directly or Through Vicarious Liability.

State Defendants' Motion to Dismiss asks the Court to dismiss Defendant Gray because the Complaint fails to state a claim for relief. (Doc. 7 at 14:12-15:20). The Complaint alleges Defendant Gray did not provide records to Plaintiff and refused to investigate Defendant Lemon. (Doc. 1-1 ¶¶ 4, 229-34). These acts, even if true, are insufficient to support liability for a § 1983 claim for malicious prosecution. *See Slade v. City of Phoenix*, 112 Ariz. 298, 300 (1975) (To prove malicious prosecution, the plaintiff must show the defendant brought a criminal action, which terminated in the plaintiff's favor, actuated by malice and without probable cause.).

Plaintiff argues Defendant Gray's supervisory role imputes liability because he either acquiesced or knowingly refused to terminate Defendant Lemon's alleged unconstitutional conduct. (Doc. 17 at 10:26-11:3). But the facts alleged in the Complaint support neither of these conclusions. Supervisors are generally not liable under § 1983 for the actions of their employees. *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1985). Supervisory liability under § 1983 is rare and requires proof that a supervisor had knowledge of a pattern of constitutional violations and failed to act when the need for better supervision was obvious. *See Starr v. Baca*, 652 F.3d 1202, 1207 (9th Cir. 2011). Gray's alleged actions do not meet this standard. In *Starr*, the case Plaintiff cites, the court imposed supervisory liability on a Sheriff who was aware of general unconstitutional conditions in a jail, including knowledge of his subordinates' actions. *Id.* A single complaint, coupled with a refusal to turn over documents, does not amount to acquiescence in the conduct. *See id.* Plaintiffs' legal conclusions are unsupported by facts and thus fail under *Iqbal*'s pleading standard. *Id.* at 1206; *Iqbal v. Ashcroft*, 556 U.S. 662, 686 (2009). Having failed to state a claim, Defendant Gray must be dismissed.

**E.    Qualified Immunity May Be Decided at the Motion to Dismiss Stage.**

Plaintiff argues that qualified immunity is not proper for a Rule 12(b)(6) motion. (Doc. 17 at 10:2-15). The basic policy underlying immunity contradicts this notion. Qualified immunity is "an immunity from suit rather than a mere defense to liability." *Pearson v. Callahan*, 555 U.S. 223, 237 (2009) (citation omitted). Accordingly, the Supreme Court directs courts to resolve immunity questions "at the earliest stage of litigation possible." *A.D. v. Cal. Highway Patrol*, 712 F.3d 446, 456 (9th Cir. 2013). Defendants should raise immunity in a motion to dismiss, and district courts should grant motions to dismiss on qualified immunity grounds when the record supports such a ruling. *See id.*

Qualified immunity is available to government officials whose conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known. *Sampson v. County. of Los Angeles*, 974 F.3d 1012, 1018 (9th Cir. 2020). The immunity is available when an officer's conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known. *Kisela v. Hughes*, 584 U.S. 100, 104 (2018). Reasonableness is judged by the law at the time the conduct was carried out. *Id.* Defendant Lemon initiated charges based on facts Plaintiff himself admits to in the Complaint. (Doc. 1-1 at ¶¶ 197-209). State Defendants did not mislead the Court to initiate charges because they had sufficient facts to support these charges, as evidenced by Plaintiff's two convictions and diversion agreement. (Doc. 1-1 ¶¶ 148-51, 220, 221, 227, 228, 251, 280). Qualified immunity may be properly applied in this case.

**F.    Younger Abstention Applies Here Because the Complaint Bases the Malicious Prosecution and Due Process Claims on The Revocation Proceeding.**

Plaintiff opposes dismissal under *Younger* abstention because this proceeding seeks only damages, and not injunctive or declaratory relief.  (Doc. 17:5). Plaintiff

essentially contends that the Court should stay the proceedings here rather than dismiss because allowing the state Fish and Game's revocation of Plaintiff's Arizona hunting license proceeding to conclude during the stay will avoid federal court interference with those ongoing proceedings. (*Id.*). But the Court has discretion to dismiss or stay and should dismiss because, as shown before, the Complaint and the judicially noticed facts demonstrate probable cause, there is no favorable termination of the charges brought against Plaintiff, and because the Defendants are shielded by qualified immunity. Likewise, there is no dispute that Plaintiff's suppressed statements were not used against him at trial to support his due process claim. The case is ripe for dismissal, not a mere stay.

Plaintiff also contends that the Complaint is directed at Lemon's conduct in the concluded criminal cases, not the pending license appeal.  He argues that *Younger* does not apply because it speaks only to ongoing proceedings, not the concluded criminal prosecutions. (Doc. 17:6). Plaintiff contradicts this position by also contending that *Younger* could counsel a limited stay of any claim genuinely intertwined with the administrative appeal. (*Id.*)  The Complaint does implicate the administrative proceedings as part of his malicious prosecution theories and he is challenging the basis for revoking his license there. The Complaint makes numerous allegations against Defendant Lemon and relies on multiple allegations obtained from the administrative hearing that appear intertwined with his malicious prosecution claim. (Doc. 1-1, ¶¶ 235-268). *Younger* plainly applies to this suit and the Court should abstain.

**III. CONCLUSION**

State Defendants respectfully request that the Court dismiss the Complaint with prejudice.


DATED this 19th day of June, 2026.

10

Kristin K. Mayes
Attorney General

/s/
Byron J. Babione
Kate Weeks
Assistant Attorneys General
*Attorneys for State Defendants*

ORIGINAL filed via AzTurboCourt
and a COPY e-served this 19th
day of June , 2026 to:

Sean A. Woods
Robert T. Mills
Mills and Woods, PLLC
5055 N. 12th Street, Ste. 101
Phoenix, Arizona  85014
swoods@millsandwoods.com
docket@millsandwoods.com
*Attorneys for Plaintiff*

/s/Lesley Valdez Maldonado

11